**Marissa Lee MOORE, by and through Conrad and Martha MOORE, as next friends, Appellants,**

v.

**ELEKTRO–MOBIL TECHNIK GMBH, Appellee.**

No. 08–93–00283–CV.

Court of Appeals of Texas, El Paso.

April 7, 1994.

Rehearing Overruled April 28, 1994.

---

R. Wayne Pritchard, Brandys Carson & Pritchard, P.C., El Paso, for appellants.

William H. Hart, Passman & Jones, Carla S. Neal, McCauley, Macdonald, Love & Devin, Dallas, for appellee.

Before BARAJAS, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

LARSEN, Justice.

This appeal stems from the defendant's special appearance to present a motion to dismiss for lack of personal jurisdiction under Tex.R.Civ.P. 120a. After the trial court granted the special appearance and dismissed Elektro–Mobil Technik GmbH,[1] a German manufacturer, from the suit, that portion of the action was severed and appealed.

## FACTS

In March 1986, Marissa Lee Moore, a minor, broke her ankle on a kangaroo ride at Chucky Cheese Pizza Time Theater in El Paso, Texas. Her parents as next friends sued the pizza franchisor, franchisee, domestic ride distributor, and Elektro–Mobil, allegedly the ride's manufacturer. In September 1988, Elektro–Mobil's insurer sent a letter to El Paso County Court at Law Number 5, where the suit was filed, saying that service was improper as it did not comply with the Hague Convention. The letter said:

In the name of our insured we make a motion to dismiss plaintiff's complaint against Elektro Mobil Technik GmbH on the grounds of insufficiency of Service of process.

Please advise us if we have to retain the services of a local attorney to bring on this motion.

The trial court responded by informing the insurer that Elektro–Mobil would have to hire a local attorney to file a motion asking to dismiss plaintiff's petition.

Plaintiffs sent interrogatories to defendant Elektro–Mobil, and Elektro–Mobil responded to them before it filed its special appearance. The interrogatory answers (which were all objections) were specifically conditioned upon its anticipated special appearance:

Nothing herein shall be construed as an appearance in this action by Elektro–Mobil or as a waiver of Elektro–Mobil's right, pursuant to Rule 120a of the Texas Rules of Civil Procedure, to appear specially to object to the jurisdiction of this Court over its *person* or property.

On 24 February 1989, Elektro–Mobil filed its special appearance to present motion to the jurisdiction, claiming that the court had no jurisdiction over it or its property. The trial court ruled in Elektro–Mobil's favor, dismissing the action against it for lack of personal jurisdiction. The trial court made these findings of fact and conclusions of law in connection with the special appearance:

(1) Elektro–Mobil was organized and exists under the laws of the Federal Republic of Germany.

(2) Elektro–Mobil is not a resident of Texas, and neither is required to maintain nor maintains a registered agent for service in Texas.

(3) Elektro–Mobil does not now engage and has not engaged in business in Texas.

(4) Elektro–Mobil has not committed any tort, in whole or in part, within Texas.

(5) Elektro–Mobil does not maintain, and has never maintained a place of business in Texas.

(6) Elektro–Mobil has no employees, servants, or agents in Texas and never has had.

(7) Elektro–Mobil has never purposefully availed itself of the privilege of doing business in Texas.

(8) Elektro–Mobil has never appeared generally in this cause.

(9) Elektro–Mobil's Special Appearance was filed prior to any plea of privilege, or any other plea, pleading, or motion.

(10) The assumption of jurisdiction by the Court over Elektro–Mobil would offend traditional notions of fair play and substantial justice.

(11) The assumption of jurisdiction by the Court over Elektro–Mobil would deprive Elektro–Mobil of due process.

(12) Neither Elektro–Mobil nor its property is amenable to this Court's process.

(13) This cause must be dismissed as against Elektro–Mobil for lack of jurisdiction.

1. In Germany, GmbH designates a closely held, limited liability company.

(14) On or about August 5, 1988, Defendant Elektro–Mobil Technik GMBH was served with citation pursuant to the Texas Long–Arm Statute.

(15) On or about October 12, 1988, Defendant Elektro–Mobil Technik GmbH by and through its duly authorized agent, filed with the District Clerk of El Paso County a letter [the contents of which are described above].

(16) On or about February 14, 1988, Defendant Elektro–Mobil Technik GMBH filed its objections to plaintiff's discovery requests.

(17) On or about February 24, 1989, Defendant Elektro–Mobil Technik GmbH filed its Special Appearance Motion.

### ISSUES ON APPEAL

Plaintiffs present two issues on appeal: (1) did either Elektro–Mobil's insurer's letter or its objections to interrogatories constitute a general appearance which inadvertently waived its challenge to personal jurisdiction; and (2) if not, did the trial court correctly decide that Elektro–Mobil had insufficient ties to allow exercise of Texas long-arm jurisdiction.

### THE INSURER'S LETTER

█ In their first point of error, plaintiffs Moore argue that Elektro–Mobil waived its special appearance by moving to quash service of process through the letter from its insurer before it filed its Rule 120a special appearance. Similarly, as part of its Point of Error Five, plaintiffs argue that the insurer's letter constituted a general appearance, making the trial court's conclusion of law number eight erroneous. As these points both concern the letter from Elektro–Mobil's insurer, we will consider them together.

█ A party enters a general appearance whenever it invokes the judgment of the court on any question other than the court's jurisdiction; if a defendant's act recognizes that an action is properly pending or seeks affirmative action from the court, that is a general appearance. Where correspondence from a party, its agent, or attorney does neither of these things, however, it is not a general appearance and does not waive a special appearance under Rule 120a. *Letersky v. Letersky*, 820 S.W.2d 12, 13 (Tex. App.—Eastland 1991, no writ); *United National Bank v. Travel Music of San Antonio, Inc.*, 737 S.W.2d 30, 32 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.); *Investors Diversified Services, Inc. v. Bruner*, 366 S.W.2d 810, 814-15 (Tex.Civ.App.—Houston 1963, writ ref'd n.r.e.). As the Court in *Investors Diversified* noted:

> [A]lthough an act of defendant may have some relation to the cause, it does not constitute a general appearance, if it in no way recognizes that the cause is properly pending or that the court has jurisdiction, and no affirmative action is sought from the court. *Investors Diversified*, 366 S.W.2d at 815, quoting 6 C.J.S. at 43 Appearances § 13.

Examining the correspondence here, we find it contains nothing acknowledging the court's jurisdiction or requesting affirmative action from the court. The letter notes that service was not obtained in compliance with the Hague Convention, and inquires whether Elektro–Mobil needs a local attorney to challenge service. Plaintiffs maintain this amounted to a motion to quash, and was therefore, however unintentional, a general appearance.

Although the insurer's letter does state it is making a motion to the court, in reality it merely seeks advice as to whether local counsel must be obtained before a motion to quash service could be considered. We do not believe this constitutes seeking affirmative action from the court or an acknowledgement of the court's jurisdiction. Our conclusion is reinforced by caselaw holding that, as a corporation, Elektro–Mobil must be represented in Texas courts by a licensed attorney. *Dell Development Corp. v. Best Industrial Uniform Supply Company, Inc.*, 743 S.W.2d 302, 303 (Tex.App.—Houston [14th Dist.] 1987, writ denied); *Globe Leasing, Inc. v. Engine Supply and Machine Service*, 437 S.W.2d 43, 45-6 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ). Finally, the record contains nothing from which we can conclude that Elektro–Mobil had authorized its insur-

er's employees to appear on its behalf, without counsel. *See* Tex.R.Civ.P. 120. For these reasons, then, we find the letter from Elektro–Mobil's insurer did not constitute an inadvertent general appearance. Point of Error One is overruled.

### DISCOVERY RESPONSES

■ In Points of Error Five and Six, plaintiffs argue that Elektro–Mobil's objections to discovery requests, made before it filed its Rule 120a special appearance, constituted a general appearance and waived its challenge to the court's personal jurisdiction. We disagree.

The special appearance rule specifically provides:

> The issuance of process for witnesses, the taking of depositions, the serving of requests for admissions, and *the use of discovery processes,* shall not constitute a waiver of such special appearance. Tex. R.Civ.P. 120a(1). [Emphasis added].

Caselaw interpreting "the use of discovery processes" is sparse. *See Letersky,* 820 S.W.2d at 14 (service of discovery pleadings is not a general appearance); *Portland Savings & Loan Assoc. v. Bernstein,* 693 S.W.2d 478, 480 (Tex.App.—Corpus Christi 1984, no writ) (request for sanctions hearing on general discovery "before any other matter is heard" not limited to jurisdictional questions waived jurisdictional complaint). We believe, however, that the discovery process includes timely objection to discovery requests. We do not believe the rule's intent is to force a defendant to choose between waiving valid discovery objections or waiving its jurisdictional challenge. To the contrary, the rule specifically contemplates ongoing discovery by both the party challenging jurisdiction and the party invoking it. We find Elektro–Mobil's objections to interrogatories, filed before its Rule 120a special appearance, were "the use of discovery processes" and did not waive defendant's jurisdictional challenge. Points of Error Five and Six are overruled.

### LONG–ARM JURISDICTION

■ Having determined that Elektro–Mobil did not waive its special appearance or voluntarily submit to this Court's jurisdiction,

we reach the question of whether the trial court correctly determined that this defendant was not subject to the personal jurisdiction of Texas courts, which plaintiffs assert in their Points of Error Two, Three, Four, Seven, Eight, Nine, Ten, Eleven, and Twelve.

■ Texas courts may exercise jurisdiction over nonresidents if they voluntarily submit to jurisdiction or if they may be held to answer under Texas's long-arm statute. *Martinez v. Valencia,* 824 S.W.2d 719, 721 (Tex.App.—El Paso 1992, no writ); Tex.Civ. Prac. & Rem.Code Ann. 17.041 *et seq.* (Vernon 1986). Our long-arm statute is intended to extend Texas jurisdiction as far as possible within the limits imposed by federal due process. *Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex.1990). Thus, if constitutional due process guarantees are met, the long-arm statute's requirements are met also. *Id.; Hall v. Helicopteros Nacionales de Colombia,* 638 S.W.2d 870 (Tex.1982), *rev'd on other grounds,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

■ To satisfy federal due process considerations, the exercise of personal jurisdiction must meet two requirements: the nonresident must have minimum contacts with the forum state resulting from an affirmative act; and the exercise of personal jurisdiction must not offend traditional notions of fair play and substantial justice. *World-wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490, 498 (1980); *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Texas has formulated its own three prong test for assessing personal jurisdiction under both the long-arm statute and federal considerations:

(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state;

(2) The cause of action must arise from, or be connected with, such act or transaction. Even if the cause of action does not arise from a specific contact, jurisdiction may be exercised if the defendant's contacts with Texas are continuing and systemic.

(3) The assumption of jurisdiction in Texas must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

*See Schlobohm,* 784 S.W.2d at 358. We will determine the jurisdictional question here under this test.

The jurisdictional facts here are similar to those examined by the U.S. Supreme Court in *Asahi Metal Industry Co. v. Superior Court of California, Solano County,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). There, plaintiff, while riding a Honda motorcycle, lost control and crashed on a California highway. He was injured and his wife was killed. He brought suit in California Superior Court alleging that the motorcycle's tire, tube, and sealant were defective, causing a blowout and thus the fatal accident. As defendant he named, among others, Cheng Shin Rubber Industrial Co., the Taiwanese manufacturer of the motorcycle tire's inner tube. Cheng Shin cross-claimed for indemnity against Asahi, the Japanese manufacturer of the inner tube's valve stem. Asahi challenged the California court's jurisdiction over it.[2] In reviewing Asahi's contacts (or lack thereof) with California, the Supreme Court observed the following:

Asahi does not do business in California. It has no office, agents, employees, or property in California. It does not advertise or otherwise solicit business in California. It did not create, control, or employ the distribution system that brought its valves to California. [Citations omitted]. There is no evidence that Asahi designed its product in anticipation of sales in California. *Asahi,* 480 U.S. at 111, 107 S.Ct. at 1032.

In determining that California could not exercise long-arm jurisdiction over Asahi, the Court held:

The "substantial connection" between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State.* The placement of a product in the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State. *Id.* [Emphasis in original]. [Citations omitted].

We believe *Asahi* is dispositive of the jurisdictional question here. Elektro–Mobil does not and never has maintained a place of business in Texas and has no employees, servants, or agents here. It does not own any Texas property; it has never sold or delivered goods here; none of its employees have ever performed business in Texas; and it has never entered into a contract in Texas.

We acknowledge that clearly Elektro–Mobil, a German company, manufactured rides which entered the stream of commerce; it sold approximately 500 rides with electrical and coin-operation systems modified for distribution in America. Elektro–Mobil sold them, however, to Kiddie Rides, U.S.A., a domestic distributor, and had no knowledge of what happened to any ride after its initial sale.[3] Elektro–Mobil exercised no control

**2.** California's long-arm statute, like that of Texas, is intended to extend jurisdiction to the limits imposed by federal due process.

**3.** We do not suggest, however, that sale to a domestic distributor will always shield a defendant from long-arm jurisdiction. This factor is only one of many which guides our decision here.

over Kiddie–Rides marketing or sales. Elektro–Mobil did not advertise or promote sale of the rides in Texas. It never provided service or advice to ride purchasers.

Under these facts, we must conclude that defendant Elektro–Mobil has established it did not have minimal contacts with Texas sufficient to subject it to the jurisdiction of our courts. We therefore need not reach the final prong of the long-arm inquiry, whether assertion of jurisdiction offends traditional notions of fair play and substantial justice. See *Schlobohm,* 784 S.W.2d at 359. We overrule plaintiffs Points of Error Two, Three, Four, Seven, Eight, Nine, Ten, Eleven, and Twelve.

## CONCLUSION

We affirm the trial court's order dismissing defendant Elektro–Mobil Technik GmbH from this suit for lack of personal jurisdiction.