**Reversed and Remanded and Opinion filed December 10, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00126-CV

## Y. GINA LISITSA AND LISITSA LAW CORPORATION, Appellants

## V.

## FLORINA FLIT, Appellee

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2011-51599**

## O P I N I O N

In this dispute with a client over settlement proceeds, the trial court denied the special appearance of a California lawyer and her law firm, appellants Y. Gina Lisitsa and Lisitsa Law Corporation. In five issues, appellants complain that the trial court erred in denying the special appearance because it lacks specific jurisdiction over appellants. We reverse and remand for proceedings consistent with this opinion.

## *Background*

Lisitsa is a California resident and a partner of Lisitsa Law Corporation, a law firm in Los Angeles, California. Lisitsa represented appellee Florina Flit, then a California resident, in a landlord-tenant dispute in California. The case settled in 2006, and the proceeds were deposited into Lisitsa's client trust account. According to Flit, Lisitsa represented that she would retain the settlement proceeds and distribute the funds to Flit at her request.

In September 2008, Flit informed Lisitsa she was moving to Texas. Flit asserts she requested the remainder of the settlement funds from Lisitsa, but Lisitsa insisted on maintaining the funds in the client trust account and making deposits into Flit's Bank of America account upon Flit's request. To assist Flit in buying a home in Texas, Lisitsa sent a letter to a Texas mortgage company confirming that Flit's funds were being held in trust. After she moved to Texas, Flit asked Lisitsa several times to deposit funds into Flit's Bank of America account.[1] Flit eventually requested an accounting from Lisitsa, which Lisitsa prepared in California and mailed to Flit in Texas.

Flit was dissatisfied with the accounting and filed suit against appellants, bringing claims for breach of fiduciary duty, fee forfeiture, and an accounting. Appellants filed a special appearance, asserting that the trial court lacked specific jurisdiction over them. Lisitsa submitted an affidavit in support of her special appearance, attesting that:

- She is a California resident and an attorney licensed to practice law in California.

- She is a partner and member of Lisitsa Law Corporation, which has

---

[1] Although Flit pleaded the funds were deposited into a Texas bank account, she later conceded the funds were deposited in California into Flit's California bank account.

2

only one office, located in Los Angeles, California.

- Neither she nor the law firm maintains a place of business, owns real estate or personal property, or maintains bank accounts, telephone numbers, or post office boxes in Texas.

- Neither she nor the law firm has advertised in Texas, represented Texas residents, or solicited business within Texas.

Flit subsequently amended her petition to add claims for negligence and gross negligence, but did not otherwise respond to the special appearance. Flit argued at the hearing on the special appearance and in a post-submission brief that the trial court had personal jurisdiction over Lisitsa based on (1) correspondence Flit and her counsel sent from Texas to Lisitsa, (2) Lisitsa's deposits made in California into Flit's bank account, (3) Lisitsa's response to Flit's request for an accounting that Lisitsa mailed to Flit in Texas, (4) damages Flit allegedly sustained in Texas resulting from Lisitsa's alleged conduct, and (5) deemed admissions against Lisitsa. The trial court denied the special appearance.

### *Discussion*

In five issues, appellants challenge the trial court's denial of their special appearance because (1) appellants did not waive their special appearance, (2) Flit failed to plead sufficient jurisdictional allegations, (3) Lisitsa's purported contacts with Texas were all the result of Flit's unilateral decision to move there, and (4) deemed admissions do not support a finding of jurisdiction. We conclude appellants did not waive their special appearance by making a general appearance and appellants' purported contacts with Texas are not sufficient to confer specific jurisdiction on the trial court. Because this holding is dispositive, we need not address whether Flit pleaded sufficient jurisdictional facts to bring appellants

3

within the terms of the Texas long-arm statute.[2]  *See* Tex. Civ. Prac. & Rem. Code § 17.042.

## I.   No General Appearance

In their fifth issue,[3] appellants argue they did not waive their special appearance by making a general appearance in the case first.  Flit argues that appellants waived their jurisdictional challenge when Lisitsa sent a letter to a court reporting service in Texas and filed a motion to quash in California.[4]

A party may file a special appearance challenging the personal jurisdiction of the court, provided that the party does not make a general appearance in the case first.  Tex. R. Civ. P 120a(1); *see also Exito Electronics Co. v. Trejo*, 142 S.W.3d 302, 305 (Tex. 2004).  Every appearance, prior to judgment, not in compliance with Texas Rule of Civil Procedure 120a is a general appearance.  Tex. R. Civ. P. 120a(1).  The Supreme Court of Texas has stated that a party enters a general appearance whenever it invokes the judgment of the court on any question other than the court's jurisdiction, engages in acts that recognize an action is properly pending, or seeks affirmative action inconsistent with a jurisdictional challenge. *See Trejo*, 142 S.W.3d at 306-07; *see also Knight Corp. v. Knight*, 367 S.W.3d

---

[2] Texas courts may exercise personal jurisdiction over a nonresident if the Texas long-arm statute authorizes the exercise of jurisdiction and the exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, No. 11-0195, 2013 WL 4608672, at *3 (Tex. Aug. 30, 2013).  Under the Texas long-arm statute, the plaintiff bears the initial burden of pleading allegations sufficient to confer jurisdiction. *Id.*  The long-arm statute allows the exercise of personal jurisdiction over a nonresident defendant who "commits a tort in whole or in part in this state." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 17.042(2)).

[3] We discuss the issues out of order for organizational purposes.

[4] Flit had subpoenaed Lisitsa's Bank of America records for the purpose of obtaining discovery in this lawsuit.  Lisitsa sent the letter to the court reporter on November 12, 2011 and filed the motion to quash in December 2011.  Lisitsa filed her special appearance on January 11, 2012.  The letter and motion to quash both were in response to the subpoena.

715, 723 (Tex. App.—Houston [14th Dist.] 2012, no pet.). When correspondence from a party, its agent, or attorney does none of these things, it is not a general appearance and does not waive a special appearance under Rule 120a. *See, e.g., N803RA, Inc. v. Hammer*, 11 S.W.3d 363, 367 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (holding even though letter to district court clerk constituted answer to suit, it did not waive special appearance because it challenged jurisdiction); *Moore v. Elektro-Mobil Technik GmbH*, 874 S.W.2d 324, 327 (Tex. App.—El Paso 1994, writ denied) (holding letter from defendant's insurer purporting to quash service of process was not a general appearance because it "contain[ed] nothing acknowledging the court's jurisdiction or requesting affirmative action from the court"). Although an act of a defendant may have some relation to the case, it does not constitute a general appearance if it in no way recognizes that the case is properly pending, or that the court has jurisdiction, and no affirmative action is sought from the court that is inconsistent with a jurisdictional challenge. *Moore*, 874 S.W.2d at 327 (citing *Investors Diversified Servs., Inc. v. Bruner*, 366 S.W.2d 810, 814–15 (Tex. Civ. App.—Houston 1963, writ ref'd n.r.e.)); *cf. Trejo*, 142 S.W.3d at 306-07 (holding motions related to discovery on special appearance did not constitute general appearances because they were not "request[s] for affirmative relief inconsistent with the jurisdictional challenge").

In her letter, Lisitsa asked the court reporter to "please accept this letter as a Special Appearance for purposes of quashing any service of process on me personally and on behalf of Lisitsa Law Corp." Lisitsa included a "Waiver of Notice" that was sent to her by Flit's attorney, to be returned to the court reporter.[5] Lisitsa signed the Notice of Waiver and checked boxes that state, "I do not agree to waive the notice period" and "We will be issuing cross-questions, filing objections,

---

[5] It is unclear from the form whether the notice is given, or to be waived, under California law or Texas law. *See* Cal. Civ. Proc. Code § 1985.3(e).

and/or a motion." The letter and its attachment do not seek affirmative action from the court or acknowledge the court's jurisdiction. *See Hammer*, 11 S.W.3d at 367; *see also Moore*, 874 S.W.2d at 327. Similarly, it is unclear how a motion to quash filed in California could seek affirmative action from the Texas trial court or acknowledge its jurisdiction. The motion sought to quash a subpoena served on Bank of America seeking Lisitsa's bank records on the ground that the subpoena did not comply with California law

Under Rule 120a, "[t]he issuance of process for witnesses, the taking of depositions, the serving of requests for admissions, and the use of discovery processes, shall not constitute a waiver of such special appearance." Tex. R. Civ. P. 120a(1). This language is not limited to jurisdictional discovery. The two Houston-based courts of appeals have held that a defendant's participation in merits discovery without having any motions regarding that discovery heard before the special appearance does not constitute a general appearance waiving that defendant's special appearance. *See Horowitz v. Berger*, 377 S.W.3d 115, 123–24 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Silbaugh v. Ramirez*, 126 S.W.3d 88, 93 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Presuming for the sake of argument that the letter and motion to quash filed in California related to merits discovery, such participation in merits discovery would not constitute a general appearance. *See Horowitz*, 377 S.W.3d at 123–24; *Silbaugh*, 126 S.W.3d at 93.

Flit also asserts that Lisitsa waived her special appearance because she filed the letter and motion to quash before her special appearance and because these documents are pleas, pleadings, or motions filed before the special appearance. *See* Tex. R. Civ. P. 120a(1) ("Such special appearance shall be made by sworn motion filed prior to motion to transfer venue or *any other plea, pleading or motion*.") (emphasis added). But the letter to the court reporter was not filed in any

6

court, and the motion to quash was filed in a California proceeding rather than in the Texas lawsuit. Lisitsa did not waive her special appearance by failing to observe the due-order-of-pleading requirement. *See Trejo*, 142 S.W.3d at 305; *Horowitz*, 377 S.W.3d at 123.

We conclude appellants did not waive their special appearance by sending a letter to a court reporter in Texas or filing a motion to quash a subpoena seeking bank records in California. We sustain appellants' fifth issue.

## II.    No Specific Jurisdiction

Whether a court has personal jurisdiction over a defendant is a question of law we review de novo. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, No. 11-0195, 2013 WL 4608672, at *3 (Tex. Aug. 30, 2013). When, as here, the trial court does not issue findings of fact or conclusions of law, we imply all facts necessary to support the trial court's ruling that are supported by the evidence. *Id.*

Personal jurisdiction over nonresident defendants satisfies the constitutional requirements of due process when the defendant has purposefully established minimum contacts with the forum state and the exercise of jurisdiction is consistent with traditional notions of fair play and substantial justice. *Id.*; *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337 (Tex. 2009). A defendant establishes minimum contacts with a forum if the defendant has purposely availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Moncrief*, 2013 WL 4608672, at *3; *Retamco*, 278 S.W.3d at 337. A defendant's minimum contacts may give rise to either specific jurisdiction or general jurisdiction. *Moncrief*, 2013 WL 4608672, at *3; *Retamco*, 278 S.W.3d at 337. Here, Flit's asserted basis for jurisdiction is specific jurisdiction.

When specific jurisdiction is asserted, our analysis focuses on the relationship among the defendant, Texas, and the litigation to determine whether the plaintiff's claim arises from Texas contacts. *Moncrief*, 2013 WL 4608672, at *3. We analyze minimum contacts for specific jurisdiction on a claim-by-claim basis, unless all claims arise from the same forum contacts. *Id.* at *4. Here, Flit's claims for breach of fiduciary duty, negligence and gross negligence, fee forfeiture, and accounting are all based on the same purported contacts with Texas.[6]

To assess whether a nonresident defendant has purposely availed itself of the privilege of conducting activities in Texas, we consider three factors. *Id.*; *Retamco*, 278 S.W.3d at 338. First, only the defendant's own actions are relevant, not the unilateral activities of another party or a third party. *Moncrief*, 2013 WL 4608672, at *4; *Retamco*, 278 S.W.3d at 339. Second, a showing of random, isolated, or fortuitous contacts is insufficient. *Moncrief*, 2013 WL 4608672, at *4; *Retamco*, 278 S.W.3d at 339. Third, a defendant must seek some benefit, advantage, or profit by availing herself of the jurisdiction. *Moncrief*, 2013 WL 4608672, at *4; *Retamco*, 278 S.W.3d at 339. We assess the quality and nature of the contacts, not the quantity. *Moncrief*, 2013 WL 4608672, at *5; *Retamco*, 278 S.W.3d at 339. At its core, the purposeful availment analysis seeks to determine whether a nonresident's conduct and connection to a forum are such that she could reasonably anticipate being haled into court there. *Moncrief*, 2013 WL 4608672, at *5.

## A.    Torts Directed at Texas Not a Basis for Jurisdiction

In their second and third issues, appellants argue their contacts with Texas arose from Flit's unilateral decision to move to the state and Flit is asking the court

---

[6] Flit supplemented her petition after this interlocutory appeal was filed to add claims for fraudulent transfer and conspiracy. These claims are not the subject of this appeal.

8

to sustain jurisdiction based on appellants' purportedly "directing a tort" at Texas. Flit contends appellants made sufficient minimum contacts with Texas to support the trial court's exercise of specific jurisdiction by (1) agreeing to provide "ongoing fiduciary financial services" to Flit in Texas; (2) "soliciting" contacts from Flit in Texas by telephone, fax, or email; (3) providing a "false, incorrect and incomplete accounting of fiduciary funds" to Flit in Texas and sending a letter to a mortgage company in Texas on Flit's behalf; and (4) engaging in the unauthorized practice of law in Texas. Appellants assert their relationship with Flit "arose from [Lisitsa's] representation of Flit in California litigation that resulted in a settlement in California while Flit was a California resident."

Texas's interest in protecting its citizens against torts is insufficient to automatically exercise personal jurisdiction upon an allegation that a nonresident directed a tort from outside the forum against a resident. *Id.*; *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 789–90 (Tex. 2005). The focus is properly on the extent of the *defendant's* activities in the forum, not the residence of the *plaintiff. Moncrief*, 2013 WL 4608672, at *9; *Michiana*, 168 S.W.3d at 789-90. Thus, alleged tortious conduct outside of Texas against a Texas resident is insufficient to confer specific jurisdiction. *Moncrief*, 2013 WL 4608672, at *9; *Michiana*, 168 S.W.3d at 789-90.

**Fiduciary Financial Services**. Flit argues that Lisitsa committed a tort in Texas by providing fiduciary financial services to Flit in Texas. The underlying basis for this claim is that when both parties were still in California, Lisitsa said she would continue to maintain Flit's settlement proceeds in the law firm's trust account and send funds to Flit when requested. Thus, the only change to the parties' relationship was the direct result of Flit's unilateral decision to move to Texas. We cannot consider this unilateral activity of Flit in our jurisdictional

9

analysis.  *See Moncrief*, 2013 WL 4608672, at \*9; *Michiana*, 168 S.W.3d at 789.

However, Flit argues this purported provision of fiduciary financial services to Flit in Texas was a new contract "intended to generate multiple contacts with Texas."  The mere act of contracting with a Texas resident does not give rise to specific jurisdiction in Texas: performance must be due in Texas.  *See Bryan v. Gordon*, 384 S.W.3d 908, 917-18 (Tex. App.—Houston [14th Dist.] 2012, no pet.).  Here, Flit has not alleged any performance of fiduciary financial services by Lisitsa in Texas.  Flit's settlement proceeds were kept in a bank account in California, and all of the deposits into Flit's bank account were made in California.  These are not Texas contacts.  *See id*.  Moreover, an allegation of wrongdoing by a fiduciary against a Texas resident is not, by itself, enough to support specific jurisdiction.  *Id*.; *see also Bergenholtz v. Cannata*, 200 S.W.3d 287, 291-92, 295-97 (Tex. App.—Dallas 2006, no pet.) (holding Texas courts lacked specific jurisdiction over plaintiff's breach of fiduciary duty and other tort claims against his California lawyers, despite fact that plaintiff was located in Texas when he received lawyers' communications and advice, signed a fee agreement, and paid the lawyers' bills).

Flit also argues Lisitsa refused to give Flit her money before she moved to Texas because Lisitsa "wanted to have Flit as a client in Texas."  Assuming the truth of this allegation, the fact that an attorney has a client in Texas does not give rise to personal jurisdiction in Texas.  *See, e.g., Proskauer Rose LLP v. Pelican Trading, Inc.*, No. 14-08-00283-CV, 2009 WL 242993, at \*4 (Tex. App.—Houston [14th Dist.] Feb. 3, 2009, no pet.) (mem. op.) ("[N]either the mere existence of an attorney-client relationship between a resident client and an out-of-state attorney nor the routine correspondence and interactions attendant to that relationship are enough to confer personal jurisdiction."); *Markette v. X-Ray X-Press Corp.*, 240 S.W.3d 464, 468 n.2 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (same).  Flit

10

argues that *Proskauer* and *Markette* are distinguishable because here Lisitsa purposely solicited a relationship with Flit in Texas.[7] That characterization does not fit the facts. Flit moved to Texas when the parties had a preexisting relationship, and Flit requested payments from the trust account along with the accounting, which Lisitsa subsequently mailed to her. The fortuity of where Flit was located when that happened is irrelevant to our analysis. *See Bryan*, 384 S.W.3d at 917 (concluding "disposition of the jurisdictional question should not turn on" where a plaintiff signed a contract and noting "the purposeful-availment analysis should not turn on the fortuity of where the Texas resident was physically located when the defendant e-mailed the contract or when the defendants made allegedly actionable misrepresentations by e-mail"); *see also Moncrief*, 2013 WL 4608672, at *9 (holding defendants' alleged tortious conduct in California against a Texas resident was insufficient to confer specific jurisdiction over defendants as to plaintiff's tortious interference claims).

**Flit's Contacts with Lisitsa**. Flit also argues that Lisitsa "solicited" contacts from Flit by instructing her to contact Lisitsa from Texas by telephone, fax, or email. The fact that Flit communicated with Lisitsa while Flit was in Texas is also the direct result of Flit's unilateral decision to move to Texas. We cannot agree that Lisitsa "solicited" contacts with Texas by continuing the parties' relationship that originated in California. *See Proskauer Rose*, 2009 WL 242993, at *4; *Markette*, 240 S.W.3d at 468 n.2. Lisitsa merely instructed Flit to contact her when she needed funds, without regard to where Flit was located. Accordingly, Flit's contacts with Lisitsa do not support a finding of specific

---

[7] We conclude the facts in the present case are sufficiently similar to those presented in *Proskauer* and *Markette*. *See Proskauer Rose*, 2009 WL 242993, at *4 ("[T]he *Markette* appellee and the appellees in this case make the same argument—that an out-of-state attorney's communication into Texas . . . containing alleged misrepresentations or omissions, constitutes purposeful availment. We rejected this argument in *Markette*, and we do so again today.").

11

jurisdiction. *See Moncrief*, 2013 WL 4608672, at *9; *see also Falcon Crest Aviation Supply, Inc. v. Jet Mgmt., LLC*, No. 14-11-00789-CV, 2012 WL 4364661, at *3 (Tex. App.—Houston [14th Dist.] Sept. 25, 2012, no pet.) (mem. op.) ("We must disregard any unilateral activities of [the plaintiff] for purposes of our minimum contacts analysis.").

**Correspondence Sent to Texas**. Similarly, as discussed above, that Flit requested an accounting that Lisitsa prepared in California and mailed to Flit in Texas does not give rise to specific jurisdiction in Texas. *See, e.g., Bryan*, 384 S.W.3d at 917; *Markette*, 240 S.W.3d at 468 ("The operative facts of the underlying litigation will focus primarily on [defendant attorney's] legal advice, not the communication of that advice to Texas, and thus specific jurisdiction does not arise in this case."). Moreover, Lisitsa's letter that was sent to a Texas mortgage company was at Flit's behest and does not support a finding of personal jurisdiction. *See Falcon Crest*, 2012 WL 4364661, at *2 n.3. Preparing the accounting and letter reflect services Lisitsa performed in California, not Texas. *See Proskauer Rose*, 2009 WL 242993, at *4. These contacts do not support a finding of jurisdiction.

**Practicing Law in Texas**. Flit also argues that Lisitsa practiced law in Texas by sending the letter to the court reporter on behalf of the law firm. Even if this were true, it would not support a finding of specific jurisdiction because it occurred after Flit filed her lawsuit, and thus Flit's alleged liability did not arise out of or relate to this contact with Texas. *See Moncrief*, 2013 WL 4608672, at *8.

We conclude the above purported contacts with Texas all arose from Flit's unilateral decision to move to Texas and Flit's claims are based on appellants' purportedly directing a tort at Texas, which does not support a finding of specific jurisdiction. We sustain appellants' second and third issues.

12

## B.    Deemed Admissions Not in Support of Jurisdiction

In their fourth issue, appellants argue that the deemed admissions in this case do not support a finding of jurisdiction because they are germane only to the ultimate issue of liability and the trial court abused its discretion in refusing to strike the deemed admissions.[8]  Flit claims that the following deemed admissions support the jurisdictional finding: Lisitsa admitted she failed to provide an accounting and intentionally and knowingly breached fiduciary duties to Flit.[9]  These merit-based admissions do not support a finding of jurisdiction over Lisitsa. *See Weldon-Francke v. Fisher*, 237 S.W.3d 789, 792 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ("In conducting a personal-jurisdiction analysis, we review the claims in question and the evidence regarding the jurisdictional facts, but we do not adjudicate the merits of the claims."); *see also Bryan*, 384 S.W.3d at 918 (holding court could not consider "contentions concern[ing] the merits of [plaintiff's] cause of action rather than the minimum contacts requisite to personal jurisdiction").

We sustain appellants' fourth issue with regard to the argument that the deemed admissions do not support a finding of jurisdiction.  We do not address appellants' challenge to trial court's denial of appellants' motion to strike the deemed admissions because that is not necessary to the disposition of this interlocutory appeal.[10]

---

[8] Flit argues Lisitsa waived this issue because she did not object in the trial court to the relevance of the deemed admissions.  Lisitsa, however, does not argue that the trial court abused its discretion in admitting the deemed admissions.  Instead, she argues the deemed admissions are not evidence of any contacts with Texas that would support a finding of jurisdiction.

[9] "Texas" is not mentioned in the requests for admission.

[10] Interlocutory orders of a district court denying a special appearance generally are appealable.  Tex. Civ. Prac. & Rem. Code § 51.014(a)(7).  When a litigant challenges both appealable and unappealable interlocutory orders, we review the portion of an order which is

13

### *Conclusion*

We conclude that appellants did not waive their special appearance and their purported contacts with Texas are not sufficient to confer specific jurisdiction on the trial court. We reverse the trial court's order denying appellants' special appearance and remand this case for further proceedings consistent with this opinion.[11]


/s/    Martha Hill Jamison
        Justice


Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

---

appealable but do not consider the portion which is not. *Waite v. Waite*, 64 S.W.3d 217, 224 n.6 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

[11] We do not render judgment dismissing the case for lack of personal jurisdiction because Flit's claims brought in her supplemental petition are not before us on appeal. *See Moncrief*, 2013 WL 4608672, at *4 ("[S]pecific jurisdiction requires us to analyze jurisdictional contacts on a claim-by-claim basis.").