

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MUTOMBO KANKONDE[1] and EAST-SIDE ONCOLOGY CLINIC, P.L.L.C., | § | No. 08-20-00052-CV |
| | § | |
| Appellants, | § | Appeal from the |
| | § | 205th District Court |
| v. | § | of El Paso County, Texas |
| NAGENDER MANKAN, | § | (TC# 2019-DCV-2833) |
| Appellee. | § | |

## MEMORANDUM OPINION

This appeal is before the Court on our motion to determine whether this appeal should be dismissed. Because Appellants, Mutombo Kankonde and East-Side Oncology Clinic, P.L.L.C. (the Clinic or the Corporation), are entities that are required to be represented by an attorney on appeal, and because neither Appellant has obtained counsel or filed a brief submitted by an attorney who is duly authorized to practice law in the State of Texas as instructed by this Court's prior order, we will dismiss this appeal.

---

[1] Pursuant to TEX.R.APP.P. 7.1, we style this case using Mutombo Kankonde rather than the Estate of Mutombo Kankonde. "If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive. . . . [and] [t]he decedent's party name may be used on all papers." *Id*.

**BACKGROUND**

This is an appeal from an order confirming an arbitration award against Dr. Mutombo Kankonde and his clinic that was obtained by Nagender Mankan.

Appellants Kankonde and the Clinic were initially represented on appeal by attorney Michael Nevarez. On April 16, 2020, Nevarez moved to withdraw as counsel because "the Appellant, MUTOMBO KANKONDE, is deceased and the heirs of the deceased and his surviving business entity, Appellant EAST-SIDE ONCOLOGY CLINIC, PLLC, have not responded or provided any direction. Upon information and belief, the surviving wife of Appellant MUTOMBO KANKONDE has been in communication with opposing counsel to settle this case, without advance notice to, or permission from, the undersigned counsel." Nevarez further stated that Kankonde's surviving wife had "been advised in person via telephone, and in writing via email" that Nevarez "would seek to withdraw as attorney of record, due to (a) her failure to pay the outstanding obligations due to The Nevarez Law Firm, PC in this matter, (b) her lack of direction, (c) her failure to provide written authorization to continue in the matter, and (d) her communications with this Court and the trial court, without advance consultation with the undersigned counsel, both of which violate the attorney-client retainer agreement. The surviving wife of Appellant MUTOMBO KANKONDE voiced no objection to the undersigned counsel's withdrawal, and has not contacted the undersigned to indicate that she would oppose this Motion."

We granted Nevarez's motion to withdraw on April 20, 2020. In the order, we noted that we had changed our records to reflect that Peggy Kankonde would be receiving notices on behalf of the Appellants, and we abated the appeal for sixty days "to provide Appellants or their new attorney(s) with the opportunity to decide if they wish to continue with this appeal and/or file an Appellants' Brief."

2

On June 24, 2020, Appellant Dr. Kankonde's wife Peggy Kankonde filed a document we construed to be a *pro se* Appellants' Brief, so we lifted our abatement early and ordered Appellee to file a response brief within thirty days. Appellee filed a brief two days later. On June 30, 2020, after filing the Appellee's Brief, we issued an order striking, on our motion, the Appellants' Brief filed by Peggy Kankonde. In our order, we wrote:

> Peggy Kankonde, a non-attorney acting pro se, filed an Appellant's Brief purportedly on behalf of Mutombo Kankonde (deceased) and East-Side Oncology Clinic, P.L.L.C. However, a pro se litigant who is not an attorney cannot file pleadings on behalf of an estate or a corporation; only an attorney may do that. *See In re Estate of Maupin*, No. 13-17-00555-CV, 2019 WL 3331463, at *2 (Tex.App.--Corpus Christi July 25, 2019, pet. denied)(mem. op.)(citing cases holding that non-lawyer cannot appear pro se on behalf of an estate as independent executor and that an attorney must represent the interests of the estate); *Moore v. Elektro-Mobil Technik GmbH*, 874 S.W.2d 324, 327 (Tex.App.--El Paso 1994, writ denied)(corporation must be represented in Texas courts by an attorney on appeal).

> Because the brief was filed by a pro se litigant who is apparently not authorized to practice law in the State of Texas, we determine that the Appellant's Brief is of no legal effect, and that since no legally valid Appellant's Brief was filed by an attorney in this matter by the deadline set by this Court, it appears that this appeal should be dismissed for want of prosecution.

> We therefore give Appellants, the Estate of Mutombo Kankonde and East-Side Oncology Clinic, P.L.L.C., 10 days to show cause why this case should not be dismissed for want of prosecution. Failure to show good cause for continuing this appeal and/or explain why the brief filed by non-attorney Peggy Kankonde is legally effective will result in this case being submitted to the Court for dismissal without further notice.

On July 13, 2020, we received a response from Peggy Kankonde in which she expressed an apology for the confusion regarding the need to file documents through an attorney. She also stated that one attorney she asked to represent her declined representation and that she could not afford the requested retainer that another attorney requested, so she had applied to Texas Rio Grande Legal Aid for representation and was awaiting a decision from TRLA. She also requested "to hold any proceedings until the completion of Probate submitted to the Courts."

As of August 28, 2020, we have not received word from Peggy Kankonde or any other party as to whether the Estate or the Corporation have representation from an attorney, or as to the status of any probate proceedings.

## DISCUSSION

As we noted in our previous order, a non-attorney cannot litigate an appeal on behalf of an estate or a corporate entity. *See Estate of Maupin*, No. 13-17-00555-CV, 2019 WL 3331463, at *2 (Tex.App.—Corpus Christi July 25, 2019, pet. denied)(mem. op.); *Moore By and Through Moore v. Elektro-Mobil Technik GmbH*, 874 S.W.2d 324, 327 (Tex.App.—El Paso 1994, writ denied). In order to prosecute proceedings and make valid filings in this Court, the Estate and the Corporation must be represented by a licensed attorney. We have provided Appellants with the opportunity to obtain counsel. As of this date, Appellants remain unrepresented.

Because the Estate and the Corporation have not obtained counsel despite notice from this Court via order that counsel was required, we will dismiss this appeal. *See* TEX.R.APP.P. 42.3(c)(allowing for dismissal when appellant has not complied with an order from this Court). Consequently, we will dismiss this appeal under Rule 42.3(c).[2]


August 31, 2020

YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.

---

[2] Appellee has moved for sanctions for the filing of a frivolous appeal. *See* TEX.R.APP.P. 45. We overrule Appellee's request for sanctions under Rule 45, as we find that Peggy Kankonde's actions were not the result of bad faith but were instead the result of confusion and difficulty in obtaining counsel as detailed in the Background section of this order.