

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00225-CV

---

In re Alejandro Hernandez, Relator

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION ON MOTION FOR REHEARING

Relator, Alejandro Hernandez, has filed a "Motion for Reconsideration En Banc," seeking reconsideration of our opinion dismissing his petition for writ of mandamus. We deny the motion for reconsideration, but we withdraw our opinion of October 24, 2025, and issue this opinion in its place. Our disposition remains the same.

### I. BACKGROUND

Hernandez is the owner, president, and registered agent of The Freedom Indeed Foundation (the Foundation), a Texas nonprofit corporation. Hernandez is also a vexatious litigant who is

subject to a prefiling order that prohibits him from filing any action in a Texas court without first obtaining permission from the local administrative judge.[1] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.101(a), (e), 11.102(a).

On February 3, 2023, the Foundation filed a lawsuit in the justice of the peace court. Because "[a] corporation need not be represented by an attorney in justice court," Hernandez filed the lawsuit on behalf of the Foundation. Tex. Gov't Code Ann. § 27.031(d). After a jury trial, judgment was rendered against the Foundation, and it was ordered that the Foundation take nothing from the lawsuit. The Foundation appealed to the county court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.001(a).

On appeal, the county court stated that the case had been filed on the Foundation's behalf by Hernandez, that Hernandez had been declared a vexatious litigant, and that Hernandez was required to obtain permission from the local administrative judge to file the suit. The county court therefore stayed the case until Hernandez obtained permission to file the suit in accordance with Texas Civil Practice and Remedies Code sections 11.101 and 11.102.

On August 18, 2025, the Foundation, acting through counsel, sought permission from the local administrative judge to proceed with the appeal in the county court. The local administrative judge denied the Foundation's request for permission to proceed with the lawsuit on August 27, 2025.

On September 5, 2025, Hernandez filed a petition for writ of mandamus in this Court, seeking, *inter alia*, an order compelling the local administrative judge "to grant The Freedom Indeed Foundation's request for permission to proceed" and ordering that the "Foundation may proceed with its appeal as a separate legal entity with full litigation rights."

---

[1] OFFICE OF COURT ADMINISTRATION, *List of Vexatious Litigants Subject to a Prefiling Order*, Alejandro Hernandez, https://www.txcourts.gov/media/1444722/alejandro-hernandez.pdf (last visited December 3, 2025).

Because Hernandez sought relief on behalf of the Foundation but is not legally authorized to represent the corporation in an original proceeding filed in this Court, we ordered the Foundation, on September 24, 2025, "to file an amended petition that complies with the rules of representation of corporate entities." *See* Tex. Gov't Code Ann. §§ 81.101–.102, 83.001–.006; Tex. R. Civ. P. 7; *Lorie Bernice Sharpe Trust v. Phung*, 622 S.W.3d 929, 929 (Tex. App.—Austin 2021, no pet.) (mem. op.); *Moore v. Elektro-Mobil Technik GmbH*, 874 S.W.2d 324, 327 (Tex. App.—El Paso 1994, writ denied).

In response, Hernandez filed an amended petition for writ of mandamus. In his amended petition, Hernandez clarifies that he is not seeking relief on behalf of the Foundation and requests that this Court (1) find that requiring him to seek permission for corporate litigation violated his personal rights, (2) hold that he cannot be personally required to seek permission for the company to pursue litigation (because he is not an attorney), (3) declare that the local administrative judge cannot violate his rights, and (4) declare the local administrative judge's August 28, 2025 order void because it required him to seek permission for corporate litigation, conflated his status with the company's, and used his vexatious litigant designation against the company.

On October 6, 2025, after Hernandez filed his amended petition seeking relief in his individual capacity, we issued an order staying this proceeding and notifying Hernandez that his petition would be dismissed unless he obtained an order from the local administrative judge permitting the filing of the petition by October 16, 2025. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.1035(b) (requiring courts to immediately stay a proceeding in which the clerk mistakenly filed litigation presented, pro se, by a vexatious litigant subject to a prefiling order without permission from the local administrative judge to initiate the proceeding and requiring dismissal of the litigation unless the filing party obtains an order permitting the filing of the litigation within 10 days after the notice is filed). Hernandez responded on October 7, 2025, not by showing that

he had obtained permission to file his mandamus petition, but by filing an "Emergency Motion to Vacate Stay Order and to Proceed with Mandamus Petition."

## II. ANALYSIS

Hernandez is not licensed to practice law in Texas and may not represent the Foundation in proceedings in this Court. *See* Tex. Gov't Code Ann. §§ 81.101–.102, 83.001–.006; Tex. R. Civ. P. 7; *Phung*, 622 S.W.3d at 929 (holding that only a licensed attorney may represent another party under Texas law); *Moore*, 874 S.W.2d at 327 (stating that a corporation "must be represented in Texas courts by a licensed attorney"). Because Hernandez cannot represent the Foundation in this Court and no attorney has filed an amended mandamus petition on the Foundation's behalf, we dismiss this proceeding to the extent Hernandez seeks relief on behalf of the Foundation.[2] *See Phung*, 622 S.W.3d at 929.

Further, as a vexatious litigant, Hernandez must obtain permission to file new litigation, other than a petition for writ of mandamus filed in an appellate court challenging a local administrative judge's decision denying him permission to file a litigation. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.101(a), (e), 11.102(a), (f), 11.103(a), (d). Here, Hernandez was not a party to the lawsuit in the justice of the peace court—that suit was filed by the Foundation, not Hernandez. It was the Foundation that sought to appeal from the justice of the peace court's judgment, it was the Foundation that sought the local administrative judge's permission to file and maintain the litigation, and it was the Foundation's request for permission that the local

---

[2] We note that Hernandez argues, in his emergency motion seeking to vacate our stay order and to proceed with consideration of his mandamus petition, that if we hold that he lacks authority to challenge the local administrative judge's order and that he cannot represent the Foundation, then "**NO ONE can challenge the constitutional violation.**" Hernandez, however, overlooks the fact that the Foundation, acting through counsel, could have filed a petition for writ of mandamus challenging the local administrative judge's order denying the Foundation's request for permission to file the suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.102(f) (authorizing a litigant to apply for a writ of mandamus challenging the local administrative judge's decision to deny a request for permission to file a litigation within 30 days after the date of the local administrative judge's decision). Further, we do not consider whether the Foundation—which is not subject to a vexatious litigant order—could, by acting through legal counsel, have sought relief through other means.

administrative judge denied. Hernandez was therefore not a litigant who could apply for a writ of mandamus to challenge the local administrative judge's order denying him permission to file litigation, because it was the Foundation, not Hernandez, who sought permission to file litigation. As a result, Hernandez's mandamus petition is a new litigation filed in this Court, for which he must have first obtained permission to file. *See In re Johnson*, No. 14-22-00332-CV, 2022 WL 3093195, at *1 (Tex. App.—Houston [14th Dist.] Aug. 4, 2022, orig. proceeding) (mem. op.) (per curiam); *In re Crenshaw*, No. 05-19-00633-CV, 2019 WL 2710755, at *1 (Tex. App.—Dallas June 28, 2019, orig. proceeding) (mem. op.); *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 700 (Tex. App.—El Paso 2011, no pet.). But he failed to obtain permission to file the mandamus petition. Thus, we must dismiss the petition.[3] *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.1035(b).

Accordingly, we dismiss Hernandez's mandamus petition. Any pending motions are dismissed as moot.

MARIA SALAS MENDOZA, Chief Justice

December 8, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[3] We note that Hernandez does not, in his amended mandamus petition, request that this Court order the trial court to take any action and therefore does not seek mandamus relief; instead, he appears to seek a series of declaratory judgments stating that the local administrative judge's order was void and recognizing and declaring his rights. We do not, however, have jurisdiction to render declaratory judgments in original proceedings. *See In re Martinez*, No. 08-25-00171-CV, 2025 WL 2156844, at *1 (Tex. App.—El Paso July 29, 2025, orig. proceeding) (mem. op.); *Donald v. Carr*, 407 S.W.2d 288, 291 (Tex. App.—Dallas 1966, orig. proceeding). Nevertheless, regardless of whether Hernandez is seeking a declaratory judgment, mandamus relief from the local administrative judge's June 13, 2025 order directing him to obtain permission for the Foundation to appeal the justice of the peace court's judgment, or mandamus relief from the local administrative judge's August 27, 2025 order denying the Foundation's request for permission to appeal the justice of the peace court's judgment, Hernandez was prohibited from filing litigation in this Court without first obtaining an order from the local administrative judge permitting him to file new litigation, and we are required to dismiss the litigation absent such an order. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.102(a), 11.103(a), 11.1035(b).