Jane GRAHAM and V.Z. Lawton,
Plaintiffs–Appellants,

v.

Harley G. LAPPIN and Steven Carter,
Defendants–Appellees.

No. 01–2460.

United States Court of Appeals,
Seventh Circuit.

Submitted June 9, 2001.

Decided June 9, 2001.

Amended and Published July 10, 2001.

Harmon L. Taylor (submitted), Dallas, TX, for Plaintiffs-Appellants.

Gerald A. Coraz, Office of the U.S. Atty., Thomas D. Perkins, Office of the Atty. Gen., Indianapolis, IN, for Defendants-Appellees.

Before EASTERBROOK, ROVNER, and DIANE P. WOOD, Circuit Judges.

EASTERBROOK, Circuit Judge.

Timothy McVeigh is scheduled to be executed at 7 a.m. on June 11 for his role in the bombing of the Alfred P. Murrah Federal Building in Oklahoma City in April 1995. Plaintiffs, who describe themselves as survivors of that terrorist act, filed this suit seeking an injunction against McVeigh's execution. According to plaintiffs, McVeigh has (or could supply) evidence that would assist them in prosecuting a civil lawsuit that they claim to have pending in Oklahoma. Yesterday the district court denied this request for relief. Plaintiffs filed a notice of appeal and this morning made what they describe as a "Motion to Stay Execution." This is a misnomer, because neither plaintiff is scheduled to be executed. What plaintiffs actually want is an injunction pending appeal, and we construe their papers to request that relief.

They are not entitled to relief; as the district judge concluded, this suit is frivolous. Plaintiffs have standing, for they allege both a concrete injury to themselves and the possibility that the relief they seek will redress that injury. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Moreover, a district court is entitled under Fed.R.Civ.P. 27, 28(a), and 30(a) to issue ancillary orders that may be essential for obtaining evidence in pending litigation. But they have not established any claim on the merits. No rule of federal law precludes the government from carrying out judgments entered in criminal cases just because those judgments may have adverse effects on third parties. The child of a bank robber cannot obtain an injunction against his parent's incarceration, even though imprisonment imposes genuine losses on family members. Nor could the bank robber's creditors block his imprisonment on the theory that inmates can't earn the money needed to repay the debt.

Doubtless anticipating that a valid criminal judgment takes priority over any civil claims against the convicted person, plaintiffs contend that the judgment against McVeigh is invalid. This is something on which they lack any legal interest: a criminal judgment is not subject to collateral attack at the behest of a non-party who does not meet the requirements for proceeding as the convicted person's next friend. See *Whitmore v. Arkansas*, 495 U.S. 149, 161–66, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). Moreover, the substantive arguments asserted in plaintiffs' papers are ludicrous. They contend, for example, that Congress lacks the authority to prohibit (and punish) murder within the special maritime and territorial jurisdiction of the United States. See 18 U.S.C. §§ 7(3), 1111, 1114 (the Murrah Building was federal property). Perhaps recognizing the absurdity of this position (for which they cite no authority) plaintiffs contend that the United States did not have title to the Murrah Building because Oklahoma did not consent to the federal government's acquisition of the land, a second proposition for which no support is adduced. Even if the state's consent for purposes of Art. I § 8 cl. 17 were deemed defective, McVeigh was convicted of many additional offenses, such as using a weapon of mass destruction in interstate commerce, 18 U.S.C. § 2332a. See *United States v. McVeigh*, 153 F.3d 1166 (10th Cir.1998). The district judge did not err in denying the request for injunctive relief. The motion for an injunction pending appeal is denied, and the judgment of the district court is summarily

AFFIRMED.