FILED
May 18, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

No oral argument required

No. 13-08168-3

03-14-00386-CR

In The
COURT OF APPEALS
FOR THE
THIRD DISTRICT OF TEXAS

STATE OF TEXAS,
**Plaintiff – Appellee**
v.
**GAYLEEN S. TODD**
**Defendant – Appellant.**

On Direct Appeal from The
COUNTY COURT AT LAW
OF (public) RECORD
IN THE CITY OF GEORGETOWN

Trial Case No. _____ 1

RECEIVED
APR 2 8 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

**TODD'S BRIEF**

Gayleen S. Todd
2116 Juniper Trail
Round Rock, Texas 78664

1 Only cases have numbers. There being no charging instrument(s) filed, much less served, there is no case here by **any** number. A reference number used by the county court is 03-14-00386.

## Identity of Parties and Councel

| Appellant | Appellee |
|---|---|
| GAYLEEN S. TODD<br>2116 Juniper Trail<br>Round Rock, Texas 78664 | STATE OF TEXAS<br>Office of the Attorney<br>Williamson Co. Justice Center<br>In the City of Georgetown |

### Assertion of Rights

Gayleen Todd ('Todd') asserts all her unalienable rights, privileges, and immunities at Natural Law, Common Law, and Maritime Law, and all her commercial rights relevant to " this state".

### Objection to Non-judicial Decision Making

Todd objects to and does not consent to any assignment or any referral of this case, in any part, to any decision-maker other than a duly elected or properly appointed judicial officer exercising full authority of an appellate court judge/ justice and who has an active and current oath of office on file. *CF. Gonzales* ("If the parties consent") (Construing 28 U.S.C. 636(b).

### Objection to use of Private Law

Todd objects to the use of unpublished cases. A cite to "WL" and "Lexis" is a reference to materials not publicly accessible. For such references to even begin to be meaningful, a full copy of the opinion for each "WL" or "Lexis" reference must be attached.

## Table of contents

TODD'S BRIEF .................................................................................................i

Identity of Parties and Councel ...............................................................ii

Assertion of rights ....................................................................................ii

Appellant's Brief (Todd)                                                                    ii

**No Notice. No Commercial nexus**

Objection to Non-judicial Decision Making .................................................ii

Objection to use of Private Law ...............................................................ii

Index of Authorities .................................................................................v

Statement of Case ....................................................................................x

Nature of the Case .................................................................................x

Course of Proceedings ...........................................................................x

Present Trial Court Disposition ..............................................................x

No Oral Argument Requested ....................................................................xi

Issues Presented .......................................................................................xi

Statement of Facts ....................................................................................1

Record references ....................................................................................1

Procedure ................................................................................................1

Merits .....................................................................................................3

Summary of the Argument ........................................................................4

No subject matter jurisdiction ................................................................4

No personal jurisdiction...........................................................................4

No evidence against Todd .......................................................................4

"judgment" is void ..................................................................................5

Argument ...................................................................................................5

Appellant's Brief (Todd)                                                        iii

**No Notice. No Commercial nexus**

Point 1: What was Todd's plea? - clerical error ..................................5

Point 2: Procedure to correct record is what? ..................................5

Point 3: Did the trial court compel Todd's consent? ..................................5

Compelled consent generally ..................................5


Compelled consent during trial ..................................6

The court totally relieved STATE of it's burden of proof ..................................8

Point 4: Did the trial court violate Todd's right to a fair trial? (Part 1) ..................................8

Denial of right to a fair trial ..................................8

The trial totally disallowed Todd's defense ..................................9

Point 5: Did the trial court violate Todd's right to a fair trial? (Part 2) ..................................9

Denial of access ..................................9

Point 6: Did the trial court violate Todd's right to travel? ..................................10

The right to travel, generally ..................................10

There's no practical or legal difference between in-TER- and in-TRA-state ...10

travel in "this state" ..................................11

Point 7: Did the trial court violate Todd's right (not) to contract? ..................................11

Point 8: Did the trial court violate Todd's right (not) to engage in commerce?12

Point 9: Does the trial court have personal jurisdiction? ..................................13

Appellant's Brief (Todd)                                                                 iv

**No Notice. No Commercial nexus**

Overview: The systemic problems regarding notice ..........................13

Notice requires both filing and serving the paperwork ........................13

Notice used to require filing and serving two documents ...................14

Without both of those documents, there was no notice .....................14

    The "The lack of attorney signature" problem ..............................14

    No pleading *filed*? --- no Notice ..................................................14

    No pleading *served*? --- no Notice ...............................................15

    In sum, no pleading? --- no Notice ................................................15

    The "lack of witness statement" problem ......................................15

    In sum, no complaint and no pleading? --- no Notice ..................15

Point 10: How is it fair that the trial court had two attorneys prosecuting? .....15

Point 11: What law did the trial court act on by refusing to answer the jurors' question during their deliberations? ..................16

Request for Releif ...............................................................................17

Certificate of Service ..............................................................................

Appendix Contents ...........................................................................20

## Index of Authorities

Cases

*Alexander v. State*, 240 S.W. 3D 72 (Tex. App. - Austin 2007 no pet.)
*Anderson v. Liberty Lobby Inc.*, 477 U.S. 242 (1986)

---

**No Notice. No Commercial nexus**

*Aptheker v. Secretary of State*, 378 U.S. 500 (1964)

*Arizona v. Johnson*, 129 S. Ct. 781 (2009)

*Arnold v. United States*, 544 U.S. 1058 (May 31, 2005)

*Att Gen. of NY v. Soto-Lopez*, 476 U.S. 898 (1986)

*Bailey v. State*, 15 S.W. 3d 622 (Tex. App. - Dallas 2000, no pet.)

*Ballard v. Comm'r;* 544 U.S. 40 (2005)

*Bates v. State Bar of Arizona;* 433 U.S. 350 (1977)

*Boddie v. Connecticut;* 401 U.S. 371 (1971)

*Burger King Corp. v. Rudzewicz;* 471 U.S. 462 (1985)

*Christopher v. Harbury;* 536 U.S. 403 (2002)

*Computize, Inc. v. NHS Comm. Group, Inc.;* 992 S.W. 2d 608 (Tex. App. - Texarkana (1999, no pet.)

*Davis v. State;* 203 S.W. 3d 845 (Tex. Crim. App. 2006)

*Del Dev. Corp. v. Best Indus. Unif. Supply Co., Inc.,;* 743 S.W. 2D 302 (Tex. App. - Houston [14th Dist.] 1987, (writ. denied)

*Devenpeck v. Alford* 543 U.S. 146 125 S. Ct. 588 (2004)

*Dunn v. Blumstein*, 405 U.S. 330 (1972)

*Edwards v. California* 314 U.S. 160 (1941)

*Escobedo v. Illinois* 378 U.S. 478 (1964)

*Ex Parte Smythe* 116 Tex. Crim. 146, 28 S.W. 2D 161 (Tex. Crim. App. 1930)

*Garcetti v. Ceballos* 547 U.S. 410 (2006)

*Globe Leasing, Inc. v. Engine Supply and Mach Serv.,* 437 S.W. 2D 43 (Tex. Civ. App. - Houston [1st Dist] 1969 no wrti)

*Gonzalez v. United States* 553 U.S. 242 (12 May 2008)

*Goodman v. Luken Steel co.* 482 U.S. 656 (1987)

*Graham v. Lappin* 255 F. 3d 906 (7th Cir. 2001)

*Griffin v. Breckenridge* 403 U.S. 88 (1971)

*Griswold v. Connecticut* 381 U.S. 479 (1965)

*Hamdi v. Rumsfeld* 542 U.S. 507 (2004)

*Heiner v. Donnan* 285 U.S. 312 (1932)

*Herring v. United States* 129 S. Ct. 695 (2009)

*Hiibel v. Sixth Judicial Dist. Court of Nev., Humboldt County* 542 U.S. 177, 124 S. Ct. 2451 (2004)

*Holmes v. State* 323 S.W. 3d 163 (Tex. Crim. App. 2009)

*Illinois v. Caballes* 543 U.S. 405, 125 S. Ct. 834 (2005)

*In Re Winship* 397 U.S. 133 (1955)

*Jones v. Helmes* 452 U.S. 412 (1981)

*Jordan v. State* 51 Tex. Crim. 531, 103 S.W. 633 (Tex. Crim. App. 1907)

Appellant's Brief (Todd)                                                   vi

**No Notice. No Commercial nexus.**

*Kent v. Dulles* 357 U.S. 116 (1958)

*Kuntoplast of Am., Inc. v. Formosa Plastics Corp. USA,* 937 S.W. 2d 455 (Tex. 1996)

*Lloyd v. Alexander* 5 U.S. (1 Cranch) 365 (1803)

*Marsh USA Inc. v. Cook* 354 S.W. 3d 764 (Tex. 2011)

*Miranda v. Arizona* 384 U.S. 436 (1966)

*Moore v. Elektro-Mobil Technik GmbH,* 874 S.W. 2d 324 (tex. App. - El Paso 1994, writ denied)

*Mullaney v. Wilbur* 421 U.S. 684 (1975)

*Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344 (1999)

*Ohralik v. Ohio State Bar Assn.* 436 U.S. 447 (1978)

*Plumbers' Union v. Borden* 373 U.S. 690 (1963)

*Pollock v. Farmers' Loan and Trust Co.* 157 U.S. 429 (1895) *(Pollock I)*

*Portier v. State* 68 S.W. 3D 657 (Tex. Crim. App. 2002)

*Rothgery v. Gillespie County, Texas* 554 U.S. 191 (2008)

*Rowland v. California Men's Colony* 506 U.S. 194 (1993)

*Safford Unified Sch. Dist. No.1 v. Redding* 129 S. Ct. 2633 (2009)

*Scott v. Harris* 550 U.S. 372 (2007)

*Shapiro v. Thompson* 394 U.S. 618, 89 S. Ct. 1322 (1969)

*Smith v. O'Grady* 312 U.S. 329 (1941)

*Standard Oil Co. of New Jersey v. United States* 221 U.S. 1 (1910)

*Storrie v. Cortes* 90 Tex. 283, 38 S.W. 154 (1896)

*Terry v. Ohio* 392 U.S. 1 (1968)

*Tex. Dept. of Parks and Wildlife v. Miranda* 133 S. W. 3d 217 (Tex. 2004)

*United States v. Booker* 543 U.S. 220 (2005)

*United States v. Brown* 117 F. 3d 471 (11th Cir. 1997)

*United States v. Diebold* 369 U.S. 654 (1962)

*United States v. Guest* 383 U.S. 745 (1966)

*Valle v. State* 109 S.W. 3D 500 (Tex. Crim. App. 2003)

*Virginia v. Moore* 553 U.S. 164, 128 S. Ct. 1598 (2008)

*Webb v. State* 766 S.W. 2D 236 (Tex. Crim. App. 1989)

*Wiley v. State* 74 S.W. 3D 399 (Tex. Crim. App. 2002)

*Zemel v. Rusk* 381 U.S. 1 (1965)

*Zobel v. Williams* 457 U.S. 55 (1982)

**No Notice. No Commercial nexus.**

**Statutes**

28 U.S.C. 636(a), (c)
28 U.S.C. 636(b)
Tex Gov't Code Ann. 30.00024(a) (Thomson/ West Supp. 2010)
Tex. Gov't Code Ann. 30.00027(b) (1) (Thomson/ West 2012)

**Rules of Criminal Procedure**

Tex. Crim. Proc. Code Ann. art 2.04 (Thomson/ West 2011) ("Art. 2.04")
Art. 2.05
Art. 21.20
Art. 21.22
Art. 25.04
Art. 27.01
Art. 45.01 (repealed, eff. Sept. 1999)
Art. 45.018(b)
Art. 45.019

**Rules of Civil Procedure**

Fed. R. Civ. P. 8(c)
Fed. R. Civ. P. 8(c)(1)
Tex. R. Civ. P. 94
Tex. R. Civ. P. 316
Tex. R. Civ. P. 329b(f)

**Rules of Appellate Procedure**

Tex. R. App. P. 38.6

No Notice. No Commercial nexus.

**Treatises**

1 Page, The Law of Wills 5.7, 5.11 (rev. 2003)

Amy Morris Hess, George Gleason Bogert & George Taylor Bogert, The Law of Trusts and Trustees _ (Supp. 2011) ("Bogert")

Bogert 42 (Supp. 2011)

Bogert 44 (Supp. 2011)

**Professional Responsibility**

ABA Model Rules of Prof'l Conduct R. 3.7 (2002) ("ABA Rule 3.7")

Tex. Disciplinary Rs. Prof'l Conduct 3.08, 5.05, *reprinted in* 3A Tex Gov't Code Ann. pp. 296-97, 327, (title 2 subtitle G. app. A (after 84) (Thomson / West 2011) (Tex. State Bar R. art X 9)

**No Notice. No Commercial nexus.**

# Statement of the Case

## Nature of the Case

"Civil" due to no Notice and no "actual grievance" Fail to maintain proof of financial responsibility

## Course of Proceedings

Todd's **Special Appearance and Motion to Dismiss** was supposed to be *heard* before the trial court on the day of trial. Instead, each motion was overruled before it could even be said. Todd **Formally Declined to Plea,** due to the lack of Notice. Todd was continually denied the right to present case law and evidence that would have proved the STATE to have no standing, no jurisdiction, and no case against Todd.

## Present Trial Court Disposition

Todd stands "convicted" of failure to maintain proof of financial responsibility. Fine is $220.

**No Notice. No Commercial nexus**

**No Oral Argument Requested**

Oral argument is not expected to aid in the resolution of these issues.

## Issues Presented

Point 1:     What was Todd's plea? - clerical error

Point 2:     Procedure after reformation is what?

Point 3:     Did the trial court compel Todd's consent?

Point 4:     Did the trial court violate Todd's right to a fair trial? (part 1)

Point 5:     Did the trial court violate Todd's right to a fair trial? (part 2)

Point 6:     Did the trial court violate Todd's right to travel?

Point 7:     Did the trial court violate Todd's right (not) to contract?

Point 8:     Did the trial court violate Todd's right (not) to engage in commerce?

Point 9:     Does the trial court have personal jurisdiction?

Point 10:   How is it fair that the trial court had two attorneys prosecuting?

Point 11:   What "law" did the trial court act on by refusing to answer the jurors' question during their deliberation?

**No Notice. No Commercial nexus.**

# Statement of Facts

## Procedure

Due to "no Notice" This is a non-case: hence *civil.* To talk procedural facts is to talk procedural rules so as to identify the relevant procedural facts.

The "case" was opened *not* with a complaint but with a "citation".

Todd appeared specially, **Sp. App.,** objecting to the trial court's subject matter, jurisdiction, personal jurisdiction, and venue. There being no direct ruling, the Sp. App. was denied by operation of law.

**Formal Declination to Plea.** STATE never gave Todd any Notice of any charge against her. Todd never pled: hence never waived Notice: Hence no response was ever due. See Art 45.018(b). Not only was no response due, but the trial court never had jurisdiction. Not even to set a trial. Even per STATE's hideously tortured concept of "availability" of a "complaint", no "complaint" was even "available".

Since a ruling of any type, responsive to the Sp. App. has got to constitute "any proceeding", *cf. Rothgery* (arraignment is a proceeding), it follows, that as of that date June 2, 2014, STATE's deadline for timely service came and went.

Arraignment didn't happen until the date of trial, and even then, there was still

Appellant's Brief (Todd) 1

**No Notice. No Commercial nexus.**

No Notice to Todd of any charge against her in compliance with Art. 45.018(b). STATE never served any charging instrument on Todd. Period. Much less a day before "any [ie. the first] proceeding". If STATE actually believed it's Due-Process-defiant "availability" theory, why was an unfilestamped copy of the alleged "complaint" handed to Todd at all, even on the day of trial? STATE was silent when confronted by the fact that a ticket alone is not a charging instrument. That silence is proof enough what STATE is well aware of.

By pretending the alleged complaint was available, STATE confessed not only "no Service per Art. 45.018(b)" but also *no intent to Serve,* which is attitudinally straight out of Art. 25.04, STATE is judicially confessing the total change in what constitutes Notice now that Art. 45.01 has been repealed. STATE loses either way: there was no Service of any (type of) charging instrument. Yet if we're still under Art, 45.018(b), then the instrument to be Served is merely a "complaint". But if we're now, (since 1999) UNDER Art. 25.04, Then STATE **must** Serve *not only* a "Complaint" *but also* an "Information". There is no Information to be found anywhere, including the Record and STATE most certainly didn't *Serve* any "Information" at any time.

The trial court ruled that Todd not be allowed to object to the commercial terms identified in her **Standing Evidentiary Objections.** The sum and substance

**No Notice. No Commercial nexus**

of that ruling is that it effectively prohibited Todd from being able to defend herself in this matter. Specifically, that ruling prevented Todd from objecting to the key commercial terms in "transportation" cases: "transportation", "vehicle", "drive" (in all of its forms), "motor vehicle", and "operate" (in all of its forms). Since STATE had no (and for this type of case **never** has) evidence of "transportation", i.e., a bill of lading or a passenger manifest, the sole mechanism on which STATE depends is consent to the commercial terms.

**Merits**

CITY acted at all times as STATE's agent. In such capacity, CITY issued Todd the fail to maintain financial responsibility ticket in dispute. The only people liable for fail to maintain financial responsibility are those engaged in transportation or those involved in an accident or some other form of harm (bodily or otherwise) to another person or property. It matters then that there was no harm of any kind and that Todd was never engaged in "transportation". Specifically she was never (1) removing people and/or property (2) from here to there (3) for profit or hire. (4) under any choice of law, including that of "this state". CITY/STATE provided no evidence on any of these elements of "transportation".

Since STATE depends 100% not on any actual *evidence* of "transportation"

**No Notice. No Commercial nexus**

but rather on the scam nature of commercial consent to the semantics of the commercial *terms of art,* it's instantly relevant that the trial court totally prohibited Todd from objecting at a critical time. In sum, on the merits, the trial court compelled Todd to consent to being in "transportation"

## Summary of the Argument

### No Subject Matter Jurisdiction

STATE never had an "actual grievance" because Todd was never engaged in "transportation". Due to the absence of both "transportation" and Notice, this is a non-case; hence *civil.*

### No Personal Jurisdiction

CITY/STATE never Served Todd with any charging instrument "at least a day before any proceeding" Art. 45.018(b). Moreover, given the appeal of Art. 45.01 (effective 1999), Todd very strongly doubts that "complaint only" cases are still lawful at all, and there certainly was no "information" Served.

### No Evidence Against Todd

There is no evidence that Todd (A) removed anything or anyone, (B) from here to there, (C) for profit or hire (D) under any choice of law including "this state".

Appellant's Brief (Todd)                                                                 4

**No Notice. No Commercial nexus.**

**"Judgment" is Void**

The "judgment" is void. As STATE's agent, CITY should be ordered to refund Todd's cost of impounding her car and strike the so-called ticket off her record.

## Argument

### Point 1: What was Todd's Plea? -clerical error

Todd never entered a plea. How could she? She was never Served with anything to which a responsive plea was due. The court entered a plea of Not Guilty on Todd's behalf. Thus, Todd never waived Notice. If Todd's objection to the court's charge wasn't carried forward into the document, Todd objects to the document.

### Point 2: Procedure to Correct Record is What?

*Cf* Tex. Rs. Civ. P. 316 (clerical errors) 329b(f) (timing of correction of clerical errors). Since this court may actually have power to reform the county court's documents, Todd is not submitting a Motion for Abatement. *Cf. Alexander,* 240 S.W. 3D at 74 (county criminal [i.e. appellate] court may affirm, reverse, *or reform* the trial court's judgment) (citing Gov't Code 30.00024 (a)).

### Point 3: Did the Trial Court Compel Todd's Consent?

**Compelled consent generally**

**No Notice. No Commercial nexus**

Consent cannot be compelled, period. *Rudzewicz* (jurisdiction doesn't flow from fraud, undue influence, or overwhelming bargaining power); Fed. R. Civ. P. 8(c); Tex. R. Civ. P. 94; *Ballard* (local rules don't justify (criminal) Due Process violations); 636(a). (c) ("by consent only"): *Gonzales* ("If the parties consent") (construing 636(b)).

Compelled consent is the exact *antithesis* of the very soul of "this state". The coercive environment vitiates the very "evidence" it purports to create. *Ohralik* (addressing coercion specifically engaged by the legal profession). *Bates* (addressing coercion specifically engaged by the legal profession) *Escobedo* (coerced confession is not evidence): *Miranda* (same): 1 page 5, 7, 15.11 (coerced will is not evidence): *Bogert* 42 at 434, 44 at 452 and n.16 (coerced trust is not evidence): *Pollock I*, 157 U.S. At 553-54 (1st of opinion) (non consent by even 1 beneficiary prevents amendment to trust agreement: *Arnold* (vacated per *Booker*) ("evidence" (and never-before-heard-of-charges) not presented at trial and not agreed to at sentencing is (are) inadmissible for sentencing).

**Compelled Consent During Trial**

Given that "transportation" is a privileged, commercial activity, for which a "license" is required, it follows that such line of conduct is entered into one and only one way: purely voluntarily.

## No Notice. No Commercial nexus

Evidence of transportation typically includes a passenger manifest or a bill of lading. There never was any such evidence in any way associated with this case.

In matters that don't involve big rigs or buses or vans or taxis, CITY/STATE goes to trial **knowing** full good and well that there are no people or goods being moved from one point to another for profit or hire (under any choice of law). In other words CITY/STATE knows full good and well that there's no "transportation" at issue. By what mechanism, what shinanigan, what scam, then, does STATE rely on to "prove" "transportation"? The answer is this: The defendant's silence (i.e. consent) in response to questions using, thus presuming satisfaction of, the key commercial term, which is "transportation". In other words STATE's "transportation" position is 100% bluff, 100% dependent on the legal ignorance (or incompetence) of the defendant. STATE moves forward in these matters in 100% bad faith, and, here, the trial court subtly encouraged it.

In short "the" defense to "transportation" non-cases , is consent to the commercial terms, by which objection the term "transportation" is *never* consented to. By the whole preventing Todd from objecting to the very terms through which "consent" is clandestinely acquired in such cases, the municipal court has not only compelled Todd's consent but also has violated Todd's access to the court, right to a fair trial, and right (not) to contract.

## No Notice. No Commercial nexus.

The matters to which Todd objected aren't just matters of evidence. They're also matters that go to the very heart of her defense. See her **Sp. App.** where the defendant doesn't consent to being regulated as one engaged in "transportation". CITY/STATE never has standing: hense the court never has subject matter jurisdiction. Thus it's not just a matter of evidence on the merits but also a matter of evidence on the threshold issue of jurisdiction. *See* Todd's **Sp. App.**

## The court totally relieved STATE of it's burden of proof

By compelling Todd's consent, the court relieved STATE of it's burden. *Cf. Scott* (summary judgment, video of car chase relevant). (citing *Diebold,* 369 U.S. at 655: *Anderson,* 477 U.S. at 255) (summary judgment presumptions are against movant). *Mullany* (citing *In re Winship*) (to relieve plaintiff of burden is to violate Due Process.): *Heiner.*

**Point 4: Did the Trial court deny Todd's Right to a Fair Trial? (part 1)**

## Denial of Right to Fair Trial (part 1)

Anytime the defendant is flat out prevented from putting on her defense, the right to a fair trial is violated. In most cases it's a matter of evidence exclusion *Cf., e. g. Holmes* 323 S.W. 3D at 169-70 (prohibited from cross exam of STATE's expert): *Davis* (evidence): *Valle,* 109 S.W. 3d at 506: *Webb* 766 S.W. 2d at 244

Appellant's Brief (Todd)      8

## No Notice. No Commercial nexus

(exclusion of witness). Of course the commonly cited case is *Potier.* The analysis with language that is the closest to the concept at issue here is *Wiley*, 74 S.W. 3d at 405 ("In other words the erroneous ruling goes to the heart of the defense"). Todd was in fact prevented from defending herself: hence, she was denied a fair trial.

### The Trial Court Totally Disallowed Todd's Defense

The trial court completely prevented Todd from defending herself and basically compelled Todd to consent to "everything". By not being allowed to object to the key commercial terms on which the consent-based "transportation" scam depends, Todd was compelled to consent to being a party willfully and knowingly engaging in "transportation" activity: hence, also to the matters for which CITY/STATE carries the burden of proof, e.g., standing (proving the existence of an "actual grievance"): thus, ultimately, to the court's subject matter jurisdiction. In short, the trial court violated Todd's right to a fair trial.

**Point 5: Did the Trial Court Deny Todd's Right to a Fair Trial (part 2)**

### Denial of Accessible

*See* **Motion for New Trial.** The prosecutors were allowed to access all kinds of materials via the computer during the trial. Todd was not allowed to access anything by computer and had to rely on the printed materials. That's a

flagrantly unfair trial environment. *Cf. Hamdi* (denial of access and of opportunity to be heard): *Boddie* (denial of access): *Harbury* (same).

Point 6:  **Did the Trial Court Violate Todd's Right to Travel?**

**The Right to Travel, generally**

Post-1913. *Edwards* (right to "transport" indigent people in interstate commerce): *Kent* (even communists have a right to travel (passport)): *Aptheker* (travel at home and abroad is a right guaranteed to a citizen, even to communists.): *Zemel* (citing *Kent, Aptheker*) *Guest* (241 broad enough to cover right to travel from state to state). Post 1965 (case start dates). *Griffin* (right to interstate travel: *Dunn* (clarifying *Shapiro* "In any classification which serves to penalize the exercise of that right, unless shown to be necessary to promote a compelling governmental interest, is unconstitutional." 394 U.S. At 634): *Jones* v. *Helmes* (right to travel is "interstate" in nature); *Zobel* (concuring opinions provide context for right to travel cases); *Soto-Lopez;* (sometimes "right to travel" may be better labled as "right to migrate").

**There's no practical or legal difference between in-TER-state and in-TRA-state travel in "this state".**

There are no States. Post-1965. *Cf. Graham* (despite Art. III 2, Art. IV, 2, and the Sixth Amendment, Colorado (transferee) trial court had jurisdiction

Appellant's Brief (Todd)                                                      10

over (criminal) Murrah Building bombing cases which arose in Oklahoma; to challenge the transferee court's jurisdiction by arguing the "constitution" was (1) frivolous, (2) without merit, (3) of no authority, and (4) ludicrous. Post 1913 *See also* U.S. Const. Amend. 17. The 17th Amendment superceded the original language as to how "senators" are chosen. Originally, the senate was the *State's* legislative body, which offices were filled by action of each State. States haven't selected "their" representative for "their" legislative body since 1913, meaning States haven't existed for all kinds of legal purposes since 1913.

There is a theoretical difference between in-TER-state and in-TRA-state activity. The "right to travel" is recognized in, and it's associated with the notion of in-TER-state travel. However given that there is only one "state" i.e. "this state," "everything" is in-TRA-state. Thus either there are no in-TER-state theories that apply at any time for any reason, which means that there's no in-TER-state right to travel, any more, or that in-TER-state "right to travel" permeates the entirety of "this state".

**Point 7: Did the Trial Court Violate Todd's Right (not) to contract?**

Even if what we're talking about is an in-TRA-state matter, hence nothing for which the in-TER-state "right to travel" is relevant, we're still talking about "transportation", which is engaged one and only one way: "voluntarily". No one

## No Notice. No Commercial nexus

may be "compelled to agree" to engage in "transportation" activity.

*Standard Oil Co.* (anti-trust context, right to carry on trade or business is recognized in context of right to contract); *Goodman* (right to contract in race discrimination context); *Plumbers' Union* (union tortiously interfered with right to contract). *See also* Fed. R. Civ. P 8(c)1 (affirmative defense of duress); Tex. R. Civ. P. 94. CCA: *Jordan,* 51 Tex. Crim. at 532. 103 S.W. at 634. *Ex Parte Smythe,* 116 Tex. Crim. at 149. 28 S.W. 2d at 163 Tex. S. Ct.; *Storrie* 90 Tex. at 287, 38 S.W. at 156 ; *Marsh USA Inc.*

Todd has a right not to contract, which right she has asserted from the instant this started. By asserting her objections to the key commercial terms on which this "transportation" scam so heavily depends, via her **Sp. App.** and then via her **Standing Evidentiary Objections,** she was asserting her right not to contract By overruling her **Sp. App.** and by bulldozing her **Standing Evidentiary Objections,** the trial court disallowed her objections, effectively compelling Todd to agree that she was engaged in "transportation", where the reality is that she never was. Thus, the trial court has violated Todd's right not to contract.

**Point 8: Did the Trial Court Violate Todd's Right (not) to Engage in Commerce?**

*See e.g. Griswold* (to outlaw contraceptives is to compel married women to

## No Notice. No Commercial nexus

use "marriage license" to make babies for STATE) (i.e. even those with licenses cannot be compelled to use them.)

STATE cannot compel even those with "licenses" to engage in that line of commerce for which that "license" exists. A cab "driver" or "operator", a bus "driver" or "operator" can never be prevented from also just being a "traveler". Just because one has a "license" it absolutely, positively, no way under the heavens means that s/he's actually using it at any particular time. Thus, those who are not in those professional lines of "transportation" are never "drivers" or "operators" by any means other than STATE's skullduggery in the legal mechanism of clandestine consent. To disallow Todd's objections is to compel Todd into "transportation".

Point 9: Does the trial court have personal jurisdiction?

### Overview: The systemic problems regarding Notice.

For there to be personal jurisdiction, there must first be proper Notice.

### Notice requires both filing and serving the paperwork

*Murphy Bros. Inc.* (timing and sequence matter regarding filing and serving) *Lloyd,* 5 U.S. At 366 ("A citation not served is as no citation"). Clearly "citations" and "complaints" Art. 45.018(b), are two entirely different things

All cases whether civil or criminal, have the same generic requirements. *Cf*

**No Notice. No Commercial nexus.**

*O'Grady. See also United States v. Brown* ("real Notice" habeas context).

And there is to date, no Notice: hence, this is a non-case i.e. civil.

**Notice used to require filing and serving two documents.**

Before about 1965, Notice for misdemeanor cases required the filing and serving of two documents: (1) a sworn statement ("complaint") and (2) a **pleading,** i.e. the Information. *See* Arts. 2.04, 2.05, 21.20, 21.21, 21.22, 27.01.

**Without both of these documents, there was no Notice.**

THE LACK OF ATTORNEY SIGNATURE PROBLEM

To examine into the **pleading** first, STATE is, in actuality, a corporate entity, a commercial enterprise, doing business in "this state" via the benefit of a tax exemption certificate. No artificial entity may appear in court without authorized signature. For a misdemeanor case that authorized signature exists if there's a **pleading.** For a misdemeanor, the **pleading** is the Information.

No pleading filed- no Notice

[Tex. Const. Art. 5, 12]; Arts. 2.04, 21.20, 21.21, 21.22, 27.01: *Rowland* 506 U.S. at 201-03 (all artificial entities must have counsel- federal); Tex. R. Civ. P. 7 (corporations must have counsel – state); *Kuntoplast of Am. Inc.,* (same) *Computize Inc.* (same) *Moore;* (same) *Dell Dev. Corp.* (same) *Globe Leasing Inc.* 437 S.W. 2D at 45-46 (same); ABA Model Rules of Prof 'L Conduct R 3.7

## No Notice. No Commercial nexus.

(material witness can't also be attorney of Record); Tex Disciplinary Rs. Prof'l Conduct 3.08, 5.05 (same, plus facilitating unauthorized practice); *Garcetti v. Ceballos* (ethics still matter; "whistleblower" lawyer who testifies against client is fortunate still to have license, much less job); *Tex. Dept. of Parks and Wildlife v. Miranda* (standing, burden on plaintiff, requires "actual grievance" - state).

### No pleading served? - no Notice

A **pleading** has meaning sometime after it's been filed, not before. *See Murphy Bros. Inc.* A pleading has meaning sometime after it's been served, not before. *Lloyd, 5 U.S. At 366* ("A citation not served is as no citation.").

### In sum, no pleading? No Notice

Thus without a pleading, there simply was no Notice, thus no case.

### The Lack of witness statement problem

No "administrative citation" ("ticket") has ever been a "complaint". A "complaint" is a sworn statement. *See* Arts. 2.04, 21.22, 45.018 and 45.019

### In sum, no complaint and no pleading? - No Notice

Thus, it used to be that without the filing and serving of both a "complaint" and an Information, there simply was no Notice.

**Point 10:  How is it fair that the trial court had two attorneys prosecuting?**

Appellant's Brief (Todd)                                                                  15

**No Notice. No Commercial nexus.**

The trial court had two prosecuting attorneys conspiring against Todd. Todd was not allowed to have representation other than herself. The trial court was in direct violation of Tex. Crim. Code of Proc. Art. 45.020(b). Not more than one council is allowed to conduct either the prosecution or defense. Todd – 0. STATE -2 **Fair? Impartial?** *Legal?* Not.

**Point 11: What law did the trial court act on when refusing to answer the jurors' question?**

The jury asked this question during deliberation, "Is there a legal procedure allowing the entry of a license plate into a database for the purpose of identifying whether a car has insurance?" To which the Judge replied, "The court under the law, is not permitted to answer the question you presented." Todd demands to know what "law" allows or disallows the trial court to answer a jury's question? It all could have been over then and there.

## In application of these points

There was never any "transportation" at issue, which greatly explains why there was never any evidence of "transportation". Since Todd was not engaged in "transportation", there was no "vehicle", no "driver", no "motor vehicle", and no "operator". Therefore there was never any authority to issue any ticket. For the trial court to disallow Todd's objections to these terms, was for the trial

## No Notice. No Commercial nexus.

court to prevent, completely, Todd's defense, and to compel consent, and to deny access, and to violate Todd's right to a fair trial. This trial was in no way fair or impartial. There were two licensed prosecuting attorneys and a judge who would not listen to, or accept any evidence of, or take judicial notice of, anything that even had a chance of causing reasonable doubt, all conspiring Todd in order to strip her of her rights and maliciously, knowingly, and illegally condemn her in the eyes of the jury.

## Request for Relief

Wherefore, premises considered, Todd requests relief as follows:

* Declare that Todd's right of Due Process has been violated:

* Reform the clerical errors that the county court refused to correct (points 1,2 )

* Declare that the repeal of Art. 45.01 materially changed the procedures (point 9) and also declare that Notice for all misdemeanor matters requires both a "Complaint" and an Information.

* Declare that for municipal courts of record, the period of "one day" for Notice, as found in Art. 45.018(b), is unconscionable.

* If Art. 45.018(b) still applies, declare that a "proceeding" includes ruling on a pre-trial motion, setting a trial date, *and* conducting a trial.

## No Notice. No Commercial nexus.

* Strike Art. 25.04 which purports to relieve STATE of it's burden to both file *and Serve* it's original pleading(s), as repugnant to Due Process.

* Declare that STATE's Notice is facially invalid for proceedings in municipal courts of Record where there's (A) no attorney's signature and (B) no address provided for Service of the defendants documents.

* Having settled what Notice now requires, Vacate the "judgment" as void for want of personal jurisdiction, due to no Notice both substantively (inadequate documents) and procedurally **(Nothing Served** ahead of trial)

*Vacate the "judgment" as void for want of subject matter jurisdiction, due to no "transportation" proved: thus failure to prove standing and submitting no evidence in support of the "judgment".

*Vacate the "judgment" as void as a result of the trail court's having

Compelled Todd's consent to

> "transportation"
> "vehicle"
> "motor vehicle"
> "drive" (in all forms) and
> "operate" (in all forms) and

Violated Todd's

> right to a fair trial
> right to travel
> right (not) to contract

**No Notice. No Commercial ne**
right (not) to engage in commerce

RECEIVED
MAY 1 8 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

\* Declare the entire Transportation Code either (1) 100% commercial, as is

the commonsense understanding, or (2) totally vague for want of

definitions of "transportation" and "this state".

\* Refund the impound amount for Todd's car.

\* Award Todd costs and all other relief to which she is justly entitled.

Respectfully submitted,



GAYLEEN S. TODD
2116 Juniper Trail
Round Rock, Texas 78664

---

**No Notice. No Commercial nexus.**



RECEIVED

MAY 1 8 2015

THIRD COURT OF APPEALS
JEFFREY D. KYLE

**Certificate of Service**

By my signature below, I certify that on this the 24th day of April, 2015, I served a true and correct copy of this brief with it's Appendix on the following by certified mail or by 3-day or faster delivery:

The Honorable Dee Hobbs
Court of Appeals
Third district
P.O. Box 12547
Austin, Texas 78711

s _____

GAYLEEN S. TODD

**Appendix Contents**

Judgment and Sentence Taken After a Jury Trial.................................A1

Charge of The Court.................................................................A2

Court Response to Jury Question....................................................A3

Bill of Service for Impoundment of Car............................................A4

---

Gayleen S. Todd
2116 Juniper Trail
Round Rock, Tx
78664

Jeffrey D. Kyle
Clerk
Court of Appeals
Third District of Texas
P.O. Box 12547
Austin, Tx. 78711

RECEIVED

MAY 1 8 2015

THIRD COURT OF APPEALS
JEFFREY D. KYLE

court of appeals number:     03-14-00386-CR
trial court case number:     13-08168-3

May 6, 2015

Certificate of Compliance

Concerning the Appellant's Brief I sent via certified mail on April 28th, and was received by the court clerk, but was not filed, here is the calculation of words in said document according to the computer program used to write it:

There are 6019 words in the document.

s _____

Gayleen S. Todd

**No Notice. No Commercial nexus.**

CAUSE NO. 13-08168-3

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | COUNTY COURT AT LAW #3 |
| | § | |
| VS. | § | OF |
| | § | |
| GAYLEEN S TODD | § | WILLIAMSON COUNTY, TEXAS |

## JUDGMENT AND SENTENCE TAKEN AFTER A JURY TRIAL

On June 02, 2014, this cause was called for trial. The State appeared by and through Williamson County Attorney Dee Hobbs, and
☒ the above-named Defendant having voluntarily waived his/her right to counsel appeared in person.
☐ the above-named Defendant appeared in person with his/her attorney,

Both parties announced "ready" for trial. Defendant was arraigned and/or waived arraignment and the Court entered a plea of **NOT GUILTY** to the offense of **FAIL TO MAINTAIN FINANCIAL RESPONSIBILITY**, a **Class C Misdemeanor** committed on or about **May 15, 2013**, as charged by the Information herein. A jury of six persons was selected, empanelled, and sworn. After hearing the Information read, receiving the evidence submitted and the charge of the Court, and hearing arguments of counsel, said jury retired to deliberate and returned the following verdict in open court: "We, the Jury, find the Defendant, **GAYLEEN S TODD**, *GUILTY* of the offense of **FAIL TO MAINTAIN FINANCIAL RESPONSIBILITY** as charged in the Information." Said verdict form was signed by the presiding juror.

The trial then proceeded to the punishment phase where Defendant elected to have his/her punishment assessed by the same jury. Said jury then heard evidence regarding punishment, retired to deliberate, and returned the following verdict in open court: a fine of **$220.00.**

It is therefore ADJUDGED that Defendant is guilty of the offense of **FAIL TO MAINTAIN FINANCIAL RESPONSIBILITY**, and is hereby sentenced to pay a fine of **$220.00.** All costs of court incurred herein are hereby taxed to Defendant.

### SPECIAL FINDINGS AND ISSUES
☐ The Court AFFIRMATIVELY FINDS Defendant committed family violence in the course of committing the offense charged.
☐ Defendant is ORDERED to pay restitution of $     to
   through the Williamson County Community Supervision and Corrections Department or the County Attorney's Office.
☐ Defendant's driver's license is SUSPENDED for days, beginning **June 3, 2014**
☐ If eligible, Defendant is to receive credit on this license suspension for any prior administrative license revocation.
☐ A Victim Impact Statement was returned to the prosecuting attorney and provided to the Court for consideration in sentencing.

### ORDER OF COMMITMENT
The Honorable Sheriff of Williamson County is ORDERED to take Defendant into custody and keep him/her in the County Jail until expiration of the following sentence: Defendant has been SENTENCED to a term of   DAYS in jail, with credit for    days served. This sentence is to be served:

☐ on CONSECUTIVE DAYS
☐ on CONSECUTIVE DAYS in the Williamson County Work Release Program
☐ on CONSECUTIVE WEEKENDS
☐ through the Williamson County Community Service Restitution Program (Road and Bridge) in lieu of incarceration. The Defendant is ORDERED to report to the program coordinator at 7:45 AM on the date the sentence is ordered to begin.

Said sentence shall begin

Defendant has been ordered to pay the following fine and court costs:

| $ | 220.00 | Fine |
|---|---|---|
| $ | 222.00 | Court Costs |
| $ | 442.00 | **TOTAL** |

☐ Unless Defendant can produce a receipt showing payment in full to the County Clerk, do not release Defendant until he/she has received credit for    additional days in jail.

☒ Defendant is ordered to pay said costs to the County Clerk in full by   **July 18, 2014**
**Failure to pay said costs in full by said date will result in a capias pro fine warrant being issued for Defendant's arrest.**

**If Defendant fails to appear for weekend jail, work release, or Road and Bridge, in accordance with this Order, this sentence is hereby commuted to CONSECUTIVE DAYS in jail upon Defendant's arrest until it is satisfied.**

This sentence shall run CONCURRENT with the following causes:

**FILED**
o'clock ___ Q M

SIGNED **June 3, 2014**

Defendant's right thumbprint ►

JUN 0 3 2014

A James E. Rith

_____
JUDGE PRESIDING

## CAUSE NO. 13-08168-3

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **COUNTY COURT AT LAW #3** |
| | § | |
| **VS.** | § | **OF** |
| | § | |
| **GAYLEEN S TODD** | § | **WILLIAMSON COUNTY, TEXAS** |

### TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL

I, judge of the trial court, certify this criminal case:

☒ is not a plea-bargain case, and the Defendant has the right of appeal; or

☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the Defendant has the right of appeal; or

☐ is a plea-bargain case, but the trial court has given permission to appeal, and the Defendant has the right of appeal; or

☐ is a plea-bargain case, and the Defendant has NO right of appeal; or

☐ the Defendant has waived the right of appeal.

SIGNED **June 3, 2014**

_____
JUDGE PRESIDING

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. Tex. R. App. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

| | |
|---|---|
| _____ | _____ |
| **DEFENDANT** | **DEFENDANT'S ATTORNEY** |
| 2116 Juniper Tr, RR Tx 78664 | |
| Mailing address | _____ |
| | State Bar Number |
| _____ | _____ |
| Telephone number | Telephone number |
| _____ | _____ |
| Fax number, if any | Fax number, if any |

FILED
11:31 ___ A M
JUN 0 3 2014
James E. Rick
County Clerk, Williamson Co., TX

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY COURT AT LAW |
| | § | |
| VS. | § | NUMBER THREE |
| | § | |
| GAYLEEN S. TODD | § | WILLIAMSON COUNTY, TEXAS |

## CHARGE OF THE COURT

*Ladies and Gentlemen of the Jury:*

The Defendant, GAYLEEN S. TODD, stands accused by information with the offense of Failure to Maintain Financial Responsibility, it being alleged that said offense was committed in the territorial limits of the City of Round Rock, Williamson County, Texas, on or about the 15th day of May 2013, to which charge the Court has entered a plea of "Not Guilty" for the defendant. I now give the following instructions in this case:

### I.

Our statutes provide that a person may not operate a motor vehicle in this State unless financial responsibility is established for that vehicle.

Statutes provide further that as a condition of operating a motor vehicle in this state, the operator of said vehicle on request shall provide to a peace officer evidence of financial responsibility by exhibiting: (1) a motor vehicle liability insurance policy; (2) a filed surety bond; (3) a deposit of case or securities with comptroller; (4) a deposit of cash or cashier's check with county judge; or (5) a certificate of self-insurance issued in compliance with statute.

It is a defense to prosecution that the person charged produces to the court proof of financial responsibility that was valid at the time that the offense occurred. It is also a defense to prosecution that the person operating a vehicle in violation of this section was in possession for the sole purpose of maintenance or repair and was not owned in whole or in part by that person.

Our statutes further provide that this section does not apply to the operation of a motor vehicle that is a former military vehicle or is at least 25 years old; is used for exhibitions, club activities, parades, and other functions of public interest and not for regular transportation; and for which the owner files with the department an affidavit, signed by the owner, stating that the vehicle is a collector's item and used only for exhibitions, club activities, parades. and other functions of public interest and not for regular transportation. The law does not apply to the operation of a neighborhood electric vehicle or golf cart that is operated only as authorized by statute; or a volunteer fire department for the operation of a motor vehicle the title of which is

held in the name of a volunteer fire department unless a person is operating that vehicle in a manner inconsistent with a volunteer fire department.

## II.

In your deliberations, you shall use the following definitions:

"*Motor Vehicle*" means a self-propelled vehicle designed for use on a highway, a trailer or semitrailer designed for use with a self-propelled vehicle, or a vehicle propelled by electric power from overhead wires and no operated on rails. The term does not include:

    (A) a traction engine;
    (B) a road roller or grader;
    (C) a tractor crane;
    (D) a power shovel;
    (E) a well driller;
    (F) an implement of husbandry; or
    (G) an electric personal assistive mobility device as defined by statute

## III.

Now therefore, if you believe from the evidence beyond a reasonable doubt that on or about the 15th day of May 2013, the defendant, GAYLEEN S. TODD, did then and there, in the territorial and corporate limits of the City of Round Rock, in Williamson County, Texas, operate a motor vehicle on a public street, to wit: Gattis School Road, when there was not in effect any authorized method of establishing evidence of financial responsibility for that vehicle, contrary to the ordinance of the city of Round Rock, and the defendant was not in possession of the vehicle for the sole purpose of maintenance or repair and has not produced proof of financial responsibility that was valid at the time of the offense, was not operating a former military vehicle or is at least 25 years old, was not used for exhibitions, club activities, parades, and other functions of public interest and not for regular transportation, the vehicle was not a neighborhood electric vehicle, golf cart or a volunteer fire department vehicle being operated in compliance with being a volunteer fire department vehicle, you will find the defendant "Guilty." If you do not so believe or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

## IV.

The law of the State of Texas provides that intent is not an element which must be proven by the State for the offense of Failure to Maintain Financial Responsibility.

## V.

The prosecution must prove each and every element of the offense beyond a reasonable

doubt.

## VI.

All persons are presumed to be innocent. The law does not require a defendant to prove his/her innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

## VII.

Under our Constitution and laws, every defendant has the right to remain silent and not to testify. If the Defendant did not testify at trial, you are not to discuss or consider that fact in your deliberations.

## VIII.

You cannot infer guilt from the fact that a person has been arrested, confined, indicted, or otherwise charged with an offense. You are further instructed that the Complaint and Information against the Defendant are not evidence in the case. The sole use of the Information is to charge the offense and to inform the Defendant of the alleged offense. The reading of the Information to the jury cannot be considered as a fact or circumstance against the Defendant in your deliberations.

## IX.

You are charged that you are permitted to receive evidence regarding the case or any witness therein only from the witness stand and the exhibits that have been admitted into evidence by the judge. No juror is permitted to communicate to any other juror about anything he or she may have heard concerning the case from any source other than the witness stand and the exhibits.

## X.

In deliberating the case, you are not to refer to or discuss any matter or issue not in evidence before you. However, you are permitted to make reasonable inferences from the evidence.

## XI.

You are the exclusive judges of the facts proved, of the credibility of the witnesses and other sources of evidence, and of the weight to be given to the testimony and evidence, but you are bound to receive the law from the Court, which is herein given you, and be governed thereby. Do not let prejudice or sympathy play a part in your deliberations.

## XII.

After argument of counsel, you will retire and select one of your members as your Presiding Juror. It is the duty of your Presiding Juror to preside at your deliberations and to vote with you in arriving at a verdict. Your verdict must be unanimous. After you have arrived at a unanimous verdict, your Presiding Juror must sign the attached form that conforms to your verdict. In no event shall the Presiding Juror sign more than one of such forms.

## XIII.

During your deliberations, you shall not separate from each other, nor talk with anyone not of your jury. No one has any authority to communicate with you except the Officer who has you in charge. You may communicate with this Court in writing, by a note signed by your Presiding Juror, through the Officer who has you in charge. Do not attempt to talk to the Officer.

*Signed and Submitted to the Jury on this, the _____ day of _____, 2014.*

_____
JUDGE PRESIDING

| THE STATE OF TEXAS | § | IN THE COUNTY COURT AT LAW |
| | § | |
| VS. | § | NUMBER THREE |
| | § | |
| GAYLEEN S. TODD | § | WILLIAMSON COUNTY, TEXAS |

## VERDICT OF THE JURY

We, the Jury, find the Defendant, GAYLEEN S. TODD, GUILTY of the offense of Failure to Maintain Financial Responsibility.

*Signed on this, the \_\_\_\_\_ day of _____, 2014.*

_____
PRESIDING JUROR

| THE STATE OF TEXAS | § | IN THE COUNTY COURT AT LAW |
| | § | |
| VS. | § | NUMBER THREE |
| | § | |
| GAYLEEN S. TODD | § | WILLIAMSON COUNTY, TEXAS |

## VERDICT OF THE JURY

We, the Jury, find the Defendant, GAYLEEN S. TODD, **NOT GUILTY** of the offense of Failure to Maintain Financial Responsibility.

*Signed on this, the _____ day of _____, 2014.*

_____
PRESIDING JUROR

## NO. 13-08168-3

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY COURT AT LAW |
| | § | |
| VS. | § | NUMBER THREE |
| | § | |
| GAYLEEN S. TODD | § | WILLIAMSON COUNTY, TEXAS |

## COURT RESPONSE TO JURY QUESTION

The Court under the law is not permitted to answer the question you presented. Please consider only the instructions that have been given to you and continue with your deliberations.

*Signed and Submitted to the Jury on this, the* 3rd *day of* June *, 2014.*

_____
JUDGE PRESIDING

FILED
9:58 o'clock A M

JUN 0 3 2014

James E. Rist
Court ... Williamson Co., TX

# Bill of Service TDLR# 0644778VSF

Date: 05-15-13

Sunrise Towing
1101 N. Industrial Blvd #A
Round Rock, TX 78681
(512) 238-8229

Owner's or Lienholder's Name : John Kachmar
Address: 6153 Centerpoint Rd.
City, State, Zip: San Marcos, TX 78666

To whom it may concern: (per Vehicle Storage Facility Act, Occupation Code, Title 14, Ch. 2303)

Your vehicle has been impounded and stored at Sunrise Towing, 1101 N. Industrial Blvd. #A R.R., TX 78681, Tel: (512) 238-8229, #0644778VSF. The vehicle was impounded by the authority of:
R.R.P.D and accepted for storage on 05-15-13. The vehicle was towed from 1855 Gattis Schaal Rd. @ CVS. at 11:42AM on 05-15-13 by Sunrise Recovery, 3103 N. IH 35 Ste. 400 , R.R., TX 78664, Tel: (512) 238-8229, Tow Company # 006452258C.

The vehicle is a 2000 (Year) Mazda (Make) Protege (Model) White (Color), bearing 053MG2 (License Plate Number) TX and JM1BJ2214YO208336 (VIN).

**Vehicles released between 8:00 A.M - 12:00 A.M Monday - Saturday and 8:00 A.M - 5:00 P.M Sunday. National Holidays Closed. Vehicles released after hours within 1(one) hours notice.**

The following charges have accrued. "Total storage charges cannot be computed until vehicle is claimed. The storage charge will accrue daily until vehicle is released."

| | |
|---|---|
| Daily Storage rate: $ 20 per day | $ |
| Notification Fee | $ |
| Impoundment Fee | $20.00 |
| Sales Tax (8.25 %) | $ |
| Sub-total | $ |
| IM Tow Rate | $95.00 |
| Winching | $ |
| Dollies | $ |
| Clean Up | $ |
| Transfer to Body Shop | $ |
| Extra Time (stand by) | $ |
| Additional Labor | $ |
| Other:_____ | $ |
| Total Charges | $116.65 |

Removed by _____ VSF Operator _____ Date: 05-15-13
I hereby accept the above described vehicle and verify that I have the right to possess the vehicle, In addition, I have reviewed details of charges on the original tow ticket or tow invoice and I have been advised of the Precinct and the Justice of the Peace having jurisdiction in which the vehicle was towed.

Questions or unresolved complaints about stored vehicles may be directed to: Texas Department of Licensing & Regulation, P.O. Box 12157, Austin, Texas 78711 or 1-800-803-9202. www.license.state.tx.us/Complaints/

| DRIVER NAME: *M. Balios* | TOW TRUCK LIC.# |
|---|---|
| WRECKER LIC.# *14805* | INVOICE # |

# Sunrise Recovery
3103 N. IH 35. **Suite #400**
**Round Rock, TX 78664**

TDLR#0644778VSF

| Phone # | (512)238-8229 |
|---|---|

TDLR#006452258C

Date *05-15-13*

TIME *11:42* (AM) PM

LOCATION OF VEHICLE *1855 Gattis School Rd. R.R TX*

| P.O. *Traffic Stop* | YEAR *2000* | MAKE *Mazda* | MODEL *Protege ES* |
|---|---|---|---|

| COLOR *White* | LIC. PLATE # *053 MGJ.* | STATE *TX* | DOORS *4* |
|---|---|---|---|

VEHICLE I.D NO. *JM1BJ2214Y0208336*

DESTINATION OF VEHICLE *3103 N. IH 35 Suite. 400*

TOWED PER ORDER OF:____STATE POLICE__✓LOCAL POLICE____PROPERTY MANAGEMENT

| Vehicle Storage Begining Date: *05-15-13* | Ending Date: *05-15-13* |
|---|---|

## VEHICLE STORAGE FACILITY
## 1101 N. INDUSTRIAL BLVD. #A
## ROUND ROCK, TX 78681
## TDLR#0644778VSF

**Inventory of valuable property visible inside vehicle's passenger compartment**

Front Seat Area/Glove Box:

Rear Seat Area:

Trunk/Bed

Other:

Damage to Vehicle/Missing Parts:

| | | **CHARGES** |
|---|---|---|
| Once this vehicle leaves the property,Sunrise Towing & Sunrise Recovery, will not be responsible for any damages or claims. | ODOMETER READINGS: STARTING POINT: PICKUP: DROP OFF: | IMPOUND TOW FEE: *$95.00* |
| | | DOLLIES: |
| | | WINCHING: |
| | DIRECT ALL COMPLAINTS TO TEXAS DEPT. OF LICENSING & REGULATION P.O.BOX 12157 AUSTIN, TX 78711 (512) 463-6599 EMAIL: TOWING@LICENSESTATE.TX.US WWW.LICENSESTATE.TX.US/COMPLAINTS/ | CLEAN UP: |
| | | TRANSFER TO BODYSHOP: |
| | | EXTRA TIME: |
| | | ADDITIONAL LABOR: |
| | | OTHER: |
| | | TOTAL CHARGE: *$95.00* |

AUTHORIZATION TO REMOVE VEHICLE:
I give Sunrise Towing my permission and authorization to remove this vehicle from where it is parked on the property.

Signature:
Print Name:

Gayleen Todd
2116 Juniper Tr.
Round Rock, Tx. 78664

Appellant's Brief (Todd)
+
Affidavit of Indigence

Court of Appeals
Third District
P.O. Box 12547
Austin, Tx. 78711



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL®

7014 3490 0002 0857 5630



UNITED STATES
POSTAL SERVICE®
1000
78711

U.S. POSTAGE
PAID
ROUND ROCK,TX
78664
APR 24, 15
AMOUNT
$8.66
0013871-02